UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROMULO A. RODRIGUES-AGUIAR,<br><br>Debtor. | Case No. 15-12640 (MSH)<br><br>Chapter 7 |

**TRUSTEE'S MOTION FOR AUTHORITY UNDER FED.R.BANKR.P. 2004
TO OBTAIN DOCUMENTS AND TESTIMONY FROM
<u>EVERETT COOPERATIVE BANK</u>**

Pursuant to Fed.R.Bankr.P. 2004, John O. Desmond, the duly appointed and acting Chapter 7 Trustee (the "<u>Trustee</u>") of the estate of Romulo A. Rodrigues-Aguiar (the "<u>Debtor</u>"), requests leave to conduct the examination of the keeper of the records for and person most knowledgeable from Everett Cooperative Bank ("<u>Everett</u>") and to issue one or more subpoenas (a) compelling Everett to designate the appropriate person or people to attend such examination pursuant to Fed.R.Bankr.P. 2004(d) at the office of the Trustee's counsel located at Three Center Plaza, Boston, Massachusetts, at a time to be determined by the Trustee, and (b) requiring Everett to produce with fourteen (14) days of the Trustee's request, all documents identified on the attached Exhibit A among others the Trustee may request.

Everett is listed on the Debtor's Schedules as his only secured creditor, having provided the Debtor and his spouse with $680,000.00 in mortgage financing for his residence located in Swampscott, Massachusetts. Upon information and belief, this loan was extended at a time when the Debtor was engaged in a number of transactions that appear to have ultimately led to his financial downfall and subsequent bankruptcy filing. As a result of Everett's involvement in this transaction, the Trustee believes and avers that Everett is likely to have information and documentation concerning the Debtor's assets, liabilities, income, business interests, and

financial condition. The Trustee also seeks information concerning the validity, priority, and amount of Everett's claim against the Debtor. Through this motion, the Trustee requests the authority to obtain that information and documentation to assist the Trustee in his administration of the Debtor's bankruptcy estate.

In further support of the relief sought in this motion, the Trustee makes the following statements:

## Background

1.      On July 2, 2015, (the "Petition Date"), the Debtor commenced this proceeding by filing a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

2.      On the Petition Date, the Debtor was an individual residing at the real property located at 19 One Salem Street, Swampscott, Massachusetts (the "Residence"). The Debtor and his spouse own the Residence as tenants-by-the-entirety. They acquired the Residence from Joseph P. Marchese, Jr. and Michael K. Marchese, as Trustees of the Rufus Realty Trust on October 28, 2014 for the sum of $850,000.00. The sale occurred within nine months of the Debtor's bankruptcy filing.

3.      In connection with their acquisition of the Residence, the Debtor and his spouse obtained financing from Everett via a Fixed/Adjustable Rate Note in the original principal amount of $680,000.00. This debt was secured by a mortgage recorded against the Residence.

4.      At this point in time, the Trustee is not aware of how (or whether) the Debtor and his spouse paid the remainder of the purchase price. The Trustee believes and avers, however, that the acquisition of the Residence and the entering into a loan arrangement with Everett may have been conducted at a time that the Debtor was insolvent or otherwise unable to pay his debts as they came due.

2

5. As of no later than the Petition Date, the Trustee believes and avers that the Debtor and his spouse were in default of their obligations to Everett.

6. In light of the foregoing, the Trustee believes that Everett has knowledge, information, and documentation that could assist the Trustee in evaluating the assets, liabilities, and financial condition of the Debtor. As a consequence, the Trustee seeks the authority requested in this motion for the purpose of requiring Everett to assist the Trustee in investigating the Debtor's assets, liabilities, income, business interests and financial condition.

## Legal Authority for the Relief Sought

7. Bankruptcy Rule 2004 permits any party in interest to examine "any entity" relating to the acts, conduct or property of the debtor, the liabilities and financial condition of the debtor or "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(a)-(b); *see also In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985).

8. As the person vested with the authority and responsibility to evaluate the Debtor's assets, liabilities, and potential causes of action, the Trustee is a party in interest entitled to conduct an examination under Fed. R. Bankr. P. 2004.

9. Where Everett has engaged in one or more transactions with the Debtor, it is likely to have substantial information and documentation to assist the Trustee in his investigation of the assets, liabilities, income, business interests and financial condition of the Debtor, as well as the validity, priority, and amount of Everett's claim against the Debtor.

## Conclusion

WHEREFORE, the Trustee respectfully requests that this Court grant the relief sought in this motion authorize him to issue one or more subpoena (a) compelling Everett to designate the appropriate person or people to attend such examination pursuant to Fed.R.Bankr.P. 2004(d) at

the office of the Trustee's counsel located at Three Center Plaza, Boston, Massachusetts, at a time to be determined by the Trustee, and (b) requiring Everett to produce with fourteen (14) days of the Trustee's request, all documents identified on the attached Exhibit A among others the Trustee may request.

> JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF ROMULO A. RODRIGUES-AGUIAR,
>
> By his attorneys,
> RIEMER & BRAUNSTEIN LLP,
>
> */s/ Jeffrey D. Ganz*
> Jeffrey D. Ganz, BBO# 564375
> Riemer & Braunstein LLP
> Three Center Plaza
> Boston, MA 02108
> Phone: 617.880.3568
> Fax:   617.692.3568
> E-mail:  jganz@riemerlaw.com

DATED: November 24, 2015

# EXHIBIT A

781404.1

## **SCHEDULE OF DOCUMENTS**

For the purposes of these requests, the following definitions and instructions shall apply unless otherwise specified:

1. The term "**Debtor**" shall refer to the Debtor, Romulo A. Rodrigues-Aguiar a/k/a Romulo Aguiar, his agents, representatives, employees, attorneys, heirs, assigns and any other person or entity acting for him or on his behalf.

2. The term "**Everett**" shall refer to Everett Cooperative Bank, its officers, directors, loan originators, agents, representatives, employees, attorneys, heirs, assigns and any other person or entity acting for him on his behalf.

3. The term "**Rufus Trust**" shall refer to Joseph P. Marchese, Jr., and/or Michael K. Marchese, in their capacities as the trustees of the Rufus Realty Trust.

4. The term "**Residence**" shall refer to the real property located at 19 One Salem Street, Swampscott, Massachusetts.

5. The term "**Note**" refers to that certain Fixed/Adjustable Rate Note in the original principal amount of $680,000.00 executed and delivered to Everett by the Debtor and Elizandra Aguiar on or about November 7, 2014.

6. The term "**Mortgage**" refers to that certain Mortgage granted by the Debtor and Elizandra Aguiar to secure satisfaction of the Note, as recorded against the Residence.

7. The term "**Document**" or "**Documents**" shall mean drafts, originals and copies of any and all writings, papers and other tangible inscriptions, whether handwritten, typed, printed, photographed, in electronic form or electronically stored, or otherwise produced, including, but not limited to, letters, cables, wires, minutes, electronic mail messages ("email"), text messages, metadata, diaries, calendar or desk pads, scrapbooks, notebooks, correspondence, postcards,

bulletins, press releases, circulars, forms, pamphlets, notices, statements, journals, reports, notes, memoranda (written memoranda of telephone conversations, office conversations, discussions, agreements, acts and activities), and inter-office and intra-office communications, contracts, agreements, assignments and other official records and legal instruments; microfilm, microfiche and other systems of information storage and retrieval; photographs, photomicrographs, and photographic film and negatives, phone records, tapes, and other sound recordings; computer tapes, cards, programs and printouts; specifications, work statements, blueprints, drawings, graphs, charts, scientific data and test results; data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form; published materials of any kind, travel reports, accounts and vouchers; ledgers, bills, expense accounts, price listings, catalogs, orders, books, records, purchase orders, invoices, checks, receipts and files, and also including, but not limited to, the document itself, all earlier and later editions, revisions and supplements, as well as all materials or data incorporated into or referred to in the document.

  8. The term **"Communication"** or **"Communications"** shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and all Documents evidencing such Communication.

  9. The term **"Concerning"** shall mean relating to, referring to, describing, evidencing, or consulting.

  10. The term **"Person"** shall mean the plural as well as the singular and includes any natural person, or any business, legal, or governmental entity or association.

  11. The term **"Petition Date"** shall mean July 2, 2015.

2

12. Unless otherwise stated, each of the following requests seeks information generated on and after January 1, 2014 through the present.

13. With respect to any Document or Communication withheld from production to the Trustee under a claim of privilege or other protection, you must provide a log stating the following:

   a. The name and address of the sender of the document;

   b. The name and address of the author of the document;

   c. The name and address of the individual to whom the document was addressed;

   d. The name(s) and address(es) of the individual(s) to whom a copy of the document was addressed;

   e. The name(s) and address(es) of all individuals known to you who have seen the document or participated in communications about the document;

   f. The job title of each individual listed in items (a) through (e) above;

   g. The date of the document;

   h. The date on which the document was received by those having possession of the document;

   i. A brief description of the nature and subject matter of the document; and

   j. The statute, rule, decision or other basis which is claimed to give rise to the privilege.

## DOCUMENTS REQUESTED

1. All Communications between Everett and Joseph P. Marchese, Jr. Concerning the Debtor, the Rufus Trust, and/or the Residence.

3

2. All Communications between Everett and Michael K. Marchese Concerning the Debtor, the Rufus Trust, and/or the Residence.

3. All Communications between Everett and the Rufus Trust.

4. All Communications between Everett and the Debtor including, without limitation, all account statements and invoices.

5. All Communications between Everett and the Debtor's spouse, Elizandra Aguiar.

6. All Communications between Everett and its loan originators Concerning the Debtor, the Residence, or the Rufus Trust including, without limitation, Doria Shanahan.

7. All cash flow statements, balance sheets, income statements, profit and loss statements, personal financial statements, loan applications, tax returns, credit reports, due diligence reports, and all other Documents Concerning the Debtor's income, assets, liabilities, business interests, and financial condition.

8. The Note, Mortgage, and all promissory notes, guaranties, mortgages, settlement statements and other Documents executed at or in connection with the acquisition of the Residence by the Debtor and his spouse.

9. All Documents and Communications in Everett's credit file for the Note.

10. All Documents and Communications in Everett's loan file for the Note.

11. All offers to purchase, appraisals, valuations, broker's price opinions, inspection reports, and other Documents Concerning the value of the Residence.

12. All Documents and Communications Concerning the nature, amount, validity, and priority of any and all debts, obligations and other amounts owed by the Debtor to any Person in connection with his acquisition of the Residence.

13. An accounting of all advances made and payments received by Everett under the Note.

14. All contracts and other agreements between the Debtor and Everett including, without limitation, all commitment letters, promissory notes, mortgages and guaranties. This request also seeks all amendments and modifications to the responsive contracts and agreements.

15. All contracts and other agreements between the Debtor and the Rufus Trust including, without limitation, all leases, promissory notes, purchase and sale agreements, bills of sale, accepted offers, and engagement letters. This request also seeks all amendments and modifications to the responsive contracts and agreements.

16. The account statements for all checking, saving, and other accounts maintained at Everett by the Debtor and/or his spouse, Elizandra Aguiar including, without limitation, all cancelled checks.

17. All Documents and Communications Concerning any safe deposit boxes maintained at Everett by the Debtor and/or his spouse, Elizandra Aguiar.

18. The credit policy manual and all other Documents governing the standards, practices, and procedures, of Everett in connection with evaluating and approving applications for residential mortgages.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROMULO A. RODRIGUES-AGUIAR,<br><br>Debtor. | Case No. 15-12640 (MSH)<br><br>Chapter 7 |

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY
UNDER FED.R.BANKR.P. 2004 TO OBTAIN DOCUMENTS
AND TESTIMONY FROM EVERETT COOPERATIVE BANK**

Upon consideration of the *Trustee's Motion for Authority Under Fed.R.Bankr.P. 2004 to Obtain Documents and Testimony from Everett Cooperative Bank* (the "Motion"), and finding that due and sufficient notice of the Motion has been given and having considered any objections thereto, and for good cause shown: it is hereby **ORDERED** that:

1. The Motion is GRANTED;

2. The Trustee is to issue one or more subpoenas (a) compelling Everett Cooperative Bank to designate the appropriate person or people to attend such examination pursuant to Fed.R.Bankr.P. 2004(d) at the office of the Trustee's counsel located at Three Center Plaza, Boston, Massachusetts, at a time to be determined by the Trustee, and (b) requiring Everett Cooperative Bank to produce with fourteen (14) days of the Trustee's request, all documents identified on the attached Exhibit A among others the Trustee may request.

Dated: _____, 2015

_____
Honorable Melvin S. Hoffman
Chief United States Bankruptcy Court Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

ROMULO A. RODRIGUES-AGUIAR,

Debtor.

Case No. 15-12640 (MSH)

Chapter 7

## CERTIFICATE OF SERVICE

I, Jeffrey D. Ganz, with the law firm of Riemer & Braunstein LLP, hereby certify that I caused to be served on November 24, 2015 a true and accurate copy of the **Trustee's Motion for Authority Under Fed.R.Bankr.P. 2004 to Obtain Documents and Testimony from Everett Cooperative Bank** by first class United States mail, postage pre-paid, or by electronic notification (EN) where indicated, to the individuals listed below:

Office of the United States Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV (EN)

John O. Desmond
24 Union Avenue, Suite 23
Framingham, MA 01702
trustee@jdesmond.com, jdesmond@ecf.epiqsystems.com (EN)

Everett Cooperative Bank
419 Broadway
Everett, MA 02149

James Hayes, Esq.
James Hayes and Associates
82 Otis Street
Cambridge, MA 02141
james.ace@comcast.net (EN)

Romulo A Rodrigues-Aguiar
19 One Salem Street
Swampscott, MA 01907

David G. Baker
236 Huntington Avenue, Ste. 306
Boston, MA 02115
bkdave1@verizon.net;ecf@bostonbankruptcy.org (EN)

Laura White Brandow, Esq.
Marcus Errico Emmer & Brooks, PC
45 Braintree Hill Park, Suite 107
Braintree, MA 02184
lbrandow@meeb.com (EN)

Jason Giguere, Esq.
Richard T. Mulligan, Esq.
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461
mabk@harmonlaw.com (EN)

Michael Grant, Esq.
LeClair Ryan, P.C.
One International Place, 11th Floor
Boston, MA 02110
michael.grant@leclairryan.com (EN)

James J. McNulty
40 Court Street, Suite 1150
Boston, MA 02108
jjm@jjmcnultylaw.com (EN)

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Internal Revenue Service
Special Procedures Function STOP 20800
P.O. Box 9112
JFK Building
Boston, MA 02203

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Commonwealth of Massachusetts
Department of Unemployment Assistance
Charles F. Hurley Building
19 Staniford Street
Boston, MA 02114

United States Attorney
John Joseph Moakley United States Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210

Office of the Attorney General
Fair Labor Division
Commonwealth of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108

/s/ Jeffrey D. Ganz
Jeffrey D. Ganz (BBO #564375)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
Phone: 617-880-3568
Fax:    617-692-3568
E-mail: jganz@riemerlaw.com

1910756.1