UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROMULO A. RODRIGUES-AGUIAR,<br><br>Debtor. | Case No. 15-12640 (MSH)<br><br>Chapter 7 |

### TRUSTEE'S MOTION FOR AUTHORITY UNDER FED.R.BANKR.P. 2004 TO OBTAIN DOCUMENTS AND TESTIMONY FROM MICHAEL K. MARCHESE

Pursuant to Fed.R.Bankr.P. 2004, John O. Desmond, the duly appointed and acting Chapter 7 Trustee (the "Trustee") of the estate of Romulo A. Rodrigues-Aguiar (the "Debtor"), requests leave to conduct the examination of Michael K. Marchese individually ("Marchese") and in his capacity as trustee of the Rufus Realty Trust (the "Rufus Trust"), and to issue one or more subpoenas (a) compelling Marchese's attendance at such examination pursuant to Fed.R.Bankr.P. 2004(d) at the office of the Trustee's counsel located at Three Center Plaza, Boston, Massachusetts, at a time to be determined by the Trustee, and (b) requiring Marchese and the Rufus Trust to produce with fourteen (14) days of the Trustee's request, all documents identified on the attached Exhibit A among others the Trustee may request.

Prior to the date that the Debtor filed his voluntary petition seeking relief under Chapter 7 of the U.S. Bankruptcy Code, Marchese was involved in a number of business transactions with the Debtor and his spouse. Those transactions include, but are not limited to,

1. the January 21, 2014 sale of certain real property in Everett from Marchese and his brother to the Debtor and his spouse for $345,000, which resulted in Marchese providing financing secured by a mortgage on that property,

2. the October 28, 2014 sale of certain real property in Swampscott from the Rufus Trust to the Debtor and his spouse for $850,000, and

3. the November 14, 2014, entry into a loan arrangement in which the Debtor and his spouse executed and delivered to Marchese a certain Unsecured Promissory Note in the original principal amount of $70,000.

As a result of these transactions, the Trustee believes and avers that Marchese and the Rufus Trust are likely to have information and documentation concerning the Debtor's assets, liabilities, and financial condition. Through this motion, the Trustee requests the authority to obtain that information and documentation to assist the Trustee in his administration of the Debtor's bankruptcy estate.

In further support of the relief sought in this motion, the Trustee makes the following statements:

## **Background**

1. On July 2, 2015, (the "Petition Date"), the Debtor commenced this proceeding by filing a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

2. From the period beginning on January 21, 2014 through February 24, 2015, the Debtor and his spouse, Elizandra Aguiar, owned the real property located at 27 Lynde Street, Everett (the "Lynde Property"). Based upon the records available at the applicable Registry of Deeds, the Debtor and his spouse acquired the Lynde Property from Marchese and his brother, Joseph P. Marchese, Jr., for the sum of $345,000. To facilitate that transaction, the sellers provided 100% financing for this purchase price, securing that obligation with a first priority mortgage on the Lynde Property.

3. Based on the records available at the applicable Registry of Deeds, the Debtor and his spouse sold the Lynde Property on February 24, 2015 and were purported to have received $100,000 cash proceeds from that sale, with the remainder of the purchase price being paid by

2

the buyer's agreement to assume the balance owed under the loan from the Marchese brothers. (The facts, events, and circumstances of the February 24, 2015 sale of the Lynde Property are the subject of a separate investigation – and possible adversary proceeding – being pursued by the Trustee.)

4. On the Petition Date, the Debtor was an individual residing at the real property located at 19 One Salem Street, Swampscott, Massachusetts (the "Residence"). The Debtor and his spouse own the Residence as tenants-by-the-entirety. They acquired the Residence from the Rufus Trust on October 28, 2014 for the sum of $850,000.

5. On November 14, 2014, the Debtor and his spouse appear to have executed and delivered to Marchese an Unsecured Promissory Note in the original principal amount of $70,000. Based on the sworn testimony of Marchese's brother, it would appear that this debt was in default on the Petition Date.

6. It appears that the Debtor may have sold his interest in Supreme Cars, Inc. on June 12, 2015 and it is unclear to the Trustee whether Marchese played any role in the sale transaction and/or plays any role in the operations or ownership of that business today.

7. In light of the foregoing, the Trustee believes that Marchese and the Rufus Trust have knowledge, information, and documentation that could assist the Trustee in evaluating the assets, liabilities, and financial condition of the Debtor. As a consequence, the Trustee seeks the authority requested in this motion for the purpose of requiring Marchese and the Rufus Trust to assist the Trustee in investigating the Debtor's interests, assets, liabilities, and financial condition.

## Legal Authority for the Relief Sought

8. Bankruptcy Rule 2004 permits any party in interest to examine "any entity" relating to the acts, conduct or property of the debtor, the liabilities and financial condition of the debtor or "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(a)-(b); *see also In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985).

9. As the person vested with the authority and responsibility to evaluate the Debtor's assets, liabilities, and potential causes of action, the Trustee is a party in interest entitled to conduct an examination under Fed. R. Bankr. P. 2004.

10. Where Marchese and the Rufus Trust have engaged in a number of transactions with the Debtor, they are likely to have substantial information and documentation to assist the Trustee in his investigation of the assets, liabilities, and financial condition of the Debtor.

## Conclusion

WHEREFORE, the Trustee respectfully requests that this Court grant the relief sought in this motion authorize him to issue one or more subpoena (a) compelling the attendance of Marchese and the Rufus Trust at an examination at the office of the Trustee's counsel located at Three Center Plaza, Boston, Massachusetts, at a time to be determined by the Trustee and

4

(b) requiring Marchese and the Rufus Trust to produce within fourteen (14) days after the Trustee's request all documents identified on the attached Exhibit A and all other documents the Trustee may request.

        JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF ROMULO A. RODRIGUES-AGUIAR,

By his attorneys,
RIEMER & BRAUNSTEIN LLP,

*/s/ Jeffrey D. Ganz*
Jeffrey D. Ganz, BBO# 564375
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108
Phone: 617.880.3568
Fax:    617.692.3568
E-mail: jganz@riemerlaw.com

DATED: November 24, 2015

5

# EXHIBIT A

781404.1

## SCHEDULE OF DOCUMENTS

For the purposes of these requests, the following definitions and instructions shall apply unless otherwise specified:

1. The term "**Debtor**" shall refer to the Debtor, Romulo A. Rodrigues-Aguiar a/k/a Romulo Aguiar, his agents, representatives, employees, attorneys, heirs, assigns and any other person or entity acting for him or on his behalf.

2. The term "**Marchese**" shall refer to Michael K. Marchese, his agents, representatives, employees, attorneys, heirs, assigns and any other person or entity acting for him or on his behalf.

3. The term "**Rufus Trust**" shall refer to Marchese and/or Joseph P. Marchese, Jr., in their capacities as the trustees of the Rufus Realty Trust.

4. The term "**Residence**" shall refer to the real property located at 19 One Salem Street, Swampscott, Massachusetts.

5. The term "**Lynde Property**" shall refer to the real property located at 27 Lynde Street, Everett, Massachusetts.

6. The term "**Business Property**" shall refer to the real property located at 157-163 Ferry Street, Everett, Massachusetts.

7. The term "**Document**" or "**Documents**" shall mean drafts, originals and copies of any and all writings, papers and other tangible inscriptions, whether handwritten, typed, printed, photographed, in electronic form or electronically stored, or otherwise produced, including, but not limited to, letters, cables, wires, minutes, electronic mail messages ("email"), text messages, metadata, diaries, calendar or desk pads, scrapbooks, notebooks, correspondence, postcards, bulletins, press releases, circulars, forms, pamphlets, notices, statements, journals, reports, notes,

6

memoranda (written memoranda of telephone conversations, office conversations, discussions, agreements, acts and activities), and inter-office and intra-office communications, contracts, agreements, assignments and other official records and legal instruments; microfilm, microfiche and other systems of information storage and retrieval; photographs, photomicrographs, and photographic film and negatives, phone records, tapes, and other sound recordings; computer tapes, cards, programs and printouts; specifications, work statements, blueprints, drawings, graphs, charts, scientific data and test results; data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form; published materials of any kind, travel reports, accounts and vouchers; ledgers, bills, expense accounts, price listings, catalogs, orders, books, records, purchase orders, invoices, checks, receipts and files, and also including, but not limited to, the document itself, all earlier and later editions, revisions and supplements, as well as all materials or data incorporated into or referred to in the document.

8. The term **"Communication"** or **"Communications"** shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and all Documents evidencing such Communication.

9. The term **"Concerning"** shall mean relating to, referring to, describing, evidencing, or consulting.

10. The term **"Person"** shall mean the plural as well as the singular and includes any natural person, or any business, legal, or governmental entity or association.

11. The term **"Petition Date"** shall mean July 2, 2015.

12. Unless otherwise stated, each of the following requests seeks information generated on and after January 1, 2013 through the present.

7

13. With respect to any Document or Communication withheld from production to the Trustee under a claim of privilege or other protection, you must provide a log stating the following:

    a. The name and address of the sender of the document;

    b. The name and address of the author of the document;

    c. The name and address of the individual to whom the document was addressed;

    d. The name(s) and address(es) of the individual(s) to whom a copy of the document was addressed;

    e. The name(s) and address(es) of all individuals known to you who have seen the document or participated in communications about the document;

    f. The job title of each individual listed in items (a) through (e) above;

    g. The date of the document;

    h. The date on which the document was received by those having possession of the document;

    i. A brief description of the nature and subject matter of the document; and

    j. The statute, rule, decision or other basis which is claimed to give rise to the privilege.

## DOCUMENTS REQUESTED

1. All Communications between Marchese and the Debtor.

2. All Communications between the Rufus Trust and the Debtor.

3. All Communications between Marchese and the Debtor's spouse, Elizandra Aguiar.

8

4. All Communications between the Rufus Trust and the Debtor's spouse, Elizandra Aguiar.

5. All Communications between Marchese and Ramiro Queiroz (or his attorneys) Concerning the Lynde Property, the debt secured by a mortgage recorded against the Lynde Property, or the Debtor.

6. All Communications between Marchese and the Everett Cooperative Bank, its loan originators, agents, attorneys, and other representatives Concerning the Debtor, the Residence, or the Rufus Trust.

7. All Communications between the Rufus Trust and the Everett Cooperative Bank, its loan originators, agents, attorneys, and other representatives Concerning the Debtor, the Residence, or Marchese.

8. All Communications between Marchese and Joseph P. Marchese, Jr. or any other Person Concerning the Debtor, Elizandra Aguiar, the Residence, the Business Property, the Lynde Property, Supreme Cars, Inc., and/or any debt owed by the Debtor to Marchese or the Rufus Trust.

9. All cash flow statements, balance sheets, income statements, profit and loss statements, personal financial statements, loan applications, tax returns, credit reports, due diligence reports, and all other Documents Concerning the Debtor's income, assets, liabilities, business interests, and financial condition.

10. All Communications between Marchese and Ramiro Queiroz Concerning the Lynde Property or the Debtor.

9

11. All settlement statements and other Documents executed by the Debtor in connection with the acquisition and subsequent sale of the Lynde Property by the Debtor and his spouse, Elizandra Aguiar.

12. All Documents Concerning the nature, amount, validity, and priority of any and all debts, obligations, and other amounts owed by the Debtor to Marchese as of the Petition Date.

13. All Documents Concerning the nature, amount, validity, and priority of any and all debts, obligations, and other amounts owed by the Debtor to the Rufus Trust as of the Petition Date.

14. All settlement statements and other Documents executed by the Debtor in connection with the acquisition of the Residence by the Debtor and his spouse, Elizandra Aguiar.

15. All contracts and other agreements between the Debtor and Marchese including, without limitation, all leases, promissory notes, purchase and sale agreements, bills of sale, accepted offers, and engagement letters. This request also seeks all amendments and modifications to the responsive contracts and agreements.

16. All contracts and other agreements between the Debtor and the Rufus Trust including, without limitation, all leases, promissory notes, purchase and sale agreements, bills of sale, and accepted offers. This request also seeks all amendments and modifications to the responsive contracts and agreements.

17. All settlement statements and other Documents Concerning the amounts paid to or for the benefit of Marchese by the Debtor or on his behalf.

18. All settlement statements and other Documents Concerning the amounts paid to or for the benefit of the Rufus Trust by the Debtor or on his behalf.

19. All offers to purchase, appraisals, valuations, broker's price opinions and other Documents Concerning the value of the Residence.

20. All offers to purchase, appraisals, valuations, broker's price opinions and other Documents Concerning the value of the Lynde Property.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROMULO A. RODRIGUES-AGUIAR,<br><br>Debtor. | Case No. 15-12640 (MSH)<br><br>Chapter 7 |

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY
UNDER FED.R.BANKR.P. 2004 TO OBTAIN DOCUMENTS
AND TESTIMONY FROM MICHAEL K. MARCHESE**

Upon consideration of the *Trustee's Motion for Authority Under Fed.R.Bankr.P. 2004 to Obtain Documents and Testimony from Michael K. Marchese*, (the "Motion"), and finding that due and sufficient notice of the Motion has been given and having considered any objections thereto, and for good cause shown: it is hereby **ORDERED** that:

1. The Motion is GRANTED;

2. The Trustee is to issue one or more subpoenas (a) compelling the attendance Michael K. Marchese, individually and as Trustee of the Rufus Realty Trust, at an examination at the office of the Trustee's counsel located at Three Center Plaza, Boston, Massachusetts, at a time to be determined by the Trustee and (b) requiring Michael K. Marchese, individually and as Trustee of the Rufus Realty Trust, to produce within fourteen (14) days after the Trustee's request all documents identified on the attached Exhibit A and all other documents the Trustee may request.

Dated: _____, 2015

_____
Honorable Melvin S. Hoffman
Chief United States Bankruptcy Court Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROMULO A. RODRIGUES-AGUIAR,<br><br>Debtor. | Case No. 15-12640 (MSH)<br><br>Chapter 7 |

## CERTIFICATE OF SERVICE

I, Jeffrey D. Ganz, with the law firm of Riemer & Braunstein LLP, hereby certify that I caused to be served on November 24, 2015 a true and accurate copy of the **Trustee's Motion for Authority Under Fed.R.Bankr.P. 2004 to Obtain Documents and Testimony from Michael K. Marchese** by first class United States mail, postage pre-paid, or by electronic notification (EN) where indicated, to the individuals listed below:

Office of the United States Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV  (EN)

John O. Desmond
24 Union Avenue, Suite 23
Framingham, MA 01702
trustee@jdesmond.com, jdesmond@ecf.epiqsystems.com (EN)

Michael K. Marchese individually and
as Trustee of Rufus Realty Trust
221 Beach Street
Revere, MA 02151

Michael K. Marchese individually and
as Trustee of Rufus Realty Trust
91 Elsie Street
Everett, MA 02149

James Hayes, Esq.
James Hayes and Associates
82 Otis Street
Cambridge, MA 02141
james.ace@comcast.net (EN)

Romulo A Rodrigues-Aguiar
19 One Salem Street
Swampscott, MA 01907

David G. Baker
236 Huntington Avenue, Ste. 306
Boston, MA 02115
bkdave1@verizon.net;ecf@bostonbankruptcy.org (EN)

Laura White Brandow, Esq.
Marcus Errico Emmer & Brooks, PC
45 Braintree Hill Park, Suite 107
Braintree, MA 02184
lbrandow@meeb.com (EN)

Jason Giguere, Esq.
Richard T. Mulligan, Esq.
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461
mabk@harmonlaw.com (EN)

Michael Grant, Esq.
LeClair Ryan, P.C.
One International Place, 11th Floor
Boston, MA 02110
michael.grant@leclairryan.com (EN)

James J. McNulty
40 Court Street, Suite 1150
Boston, MA 02108
jjm@jjmcnultylaw.com (EN)

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Internal Revenue Service
Special Procedures Function STOP 20800
P.O. Box 9112
JFK Building
Boston, MA 02203

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Commonwealth of Massachusetts
Department of Unemployment Assistance
Charles F. Hurley Building
19 Staniford Street
Boston, MA 02114

United States Attorney
John Joseph Moakley United States Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210

Office of the Attorney General
Fair Labor Division
Commonwealth of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108

/s/ Jeffrey D. Ganz
Jeffrey D. Ganz (BBO #564375)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
Phone: 617-880-3568
Fax:   617-692-3568
E-mail: jganz@riemerlaw.com

1904235.2