UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re                                                    Chapter 7

Romulo A. Rodrigues-Aguiar                               Case No. 15-12640-MSH
      Debtor

APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

      John O. Desmond, the Chapter 7 Trustee of the above named Debtor, requests this Court to enter an Order authorizing the employment of Kate Nicholson of Nicholson Shepard as Special Counsel to the Trustee for the limited purpose of filing a complaint objecting to the discharge of Debtor, and the Trustee states the following in support of the motion:

      1. On July 2, 2015 the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  Shortly thereafter, John O. Desmond was appointed Trustee of the Debtor and has accepted said appointment.  The Trustee conducted the meeting of creditors required pursuant to 11 U.S.C. § 341 on August 11, 2015.  The meeting of creditors was continued to November 12, 2015 at which time the trustee examined the debtor for a second time.  Both the §341 examinations were attended by several creditors and their attorneys and lasted more than an hour.  The trustee moved the Debtor's §341 examinations to the end of each daily list so that the lengthy meetings did not delay other debtor §341 meetings scheduled for the same day.  The trustee has continued the meeting of creditors to January 14, 2016.

      2. Under 11 U.S.C. §327(a) a trustee, with the Court's approval, may employ one or more attorneys that do not hold or represent an interest adverse to the estate, and

that are disinterested persons, to represent or assist the trustee in carrying out his duties. Under 11 U.S.C. §328(a), an attorney retained under 11 U.S.C. §327(a) may be employed on any reasonable terms and conditions, including on retainer or on an hourly basis.

      3. The trustee discovered there were some substantial transfers of property that were not scheduled by the Debtor so the trustee employed the firm of Riemer and Braunstein as counsel to the trustee.[1] The trustee chose Riemer and Braunstein as counsel because they have significant experience in recovering unscheduled assets and avoiding fraudulent transfers of property. The Court allowed the trustee's employment of Riemer and Braunstein on August 18, 2015, Docket No. 28.

      4. The trustee has determined that it is necessary for the trustee to object to the debtor's discharge under §727 for transferring property with intent to defraud creditors and for making false statements on his bankruptcy schedules. The Court has extended the time for the trustee to object to discharge to December 14, 2015. The trustee has determined that it is in the best interest of the estate to hire an attorney who charges a lower hourly rate than Riemer and Braunstein to pursue the discharge objection. The Trustee has great respect for the work performed by Riemer and Braunstein but the trustee believes it is not cost effective for that firm to pursue an objection to discharge. The hourly rate charged by Kate Nicholson is substantially lower than the rates charged by Riemer and Braunstein. The trustee and Special Counsel will endeavor to avoid any duplication of services between the trustee's counsel and Special Counsel. To the extent

---

[1] For example, a deed transferring the debtor's interest in real property in Everett, Massachusetts was recorded on July 1, 2015 (the day before the petition date) but was not listed on the Debtor's schedules or Statement of Financial Affairs (SOFA). Also, the Debtor sold his interest in a used car business for $125,000 in cash in June 2015 and transferred the cash to his wife. This was also not listed on the Debtor's Schedules or SOFA.

there is any duplication of services, the trustee believes the cost savings from employing Special Counsel will outweigh any duplication.

     5. To the best of the Trustee's knowledge, Kate Nicholson does not represent any interest adverse to the estate in matters upon which she is to be employed and is a "disinterested person" as that term is defined in § 101(14) as it applies to § 327 of the Bankruptcy Code. Any and all prior representation of any entity in this case has been disclosed and is set forth in the Affidavit of Kate Nicholson filed herewith. To the best of the Trustee's knowledge, Kate Nicholson has no connection with the Debtor, its creditors, or other parties in interest, their respective attorneys and accountants other than as set forth in the Affidavit of Kate Nicholson.

     6. There is no money in the estate at the present time, but the trustee expects that there will be funds recovered in the estate. Kate Nicholson has not received any retainer for services to be performed.

     WHEREFORE, the Trustee requests the Court for an order authority to employ the Kate Nicholson of Nicholson Shepard as Special Counsel to the Trustee on a general retainer for the limited purpose of filing an objection to the Debtor's discharge under § 727.

Dated:    November 24, 2015

/s/ John O. Desmond
_____
John O. Desmond (BBO 554580)
Trustee
24 Union Avenue
Framingham, MA 01702
Tel: (508) 879-9638
Email: trustee@jdesmond.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE: | ) |
|  | ) |
|  | ) CHAPTER 7 |
| ROMULO A. RODRIGUES-AGUIAR | ) CASE NO. 15-12640-MSH |
|  | ) |
| DEBTOR | ) |
|  | ) |

## AFFIDAVIT OF KATE E. NICHOLSON IN SUPPORT OF TRUSTEE'S MOTION TO EMPLOY COUNSEL

I, Kate E. Nicholson, being duly sworn, deposes and says:

1. I am a member of the bar of this Court. I operate Nicholson Shepard LLC at 875 Massachusetts Avenue, Ste. 31, Cambridge, MA 02143 and have practiced law since 2009.

2. My connections with the Debtor, any creditor, or other party in interest, their respective attorneys and accountants are as follows:

    a. I represent a prospective buyer of real estate in a case in which John Desmond is the chapter 11 trustee. The case is In re Lisa Chase, case number 10-22697-HJB.

3. I am and each member of my firm is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

4. I have not agreed to share with any person (except members of my firm) the compensation to be paid for the services rendered in this case, except as follows: None.

5. I have not received a retainer in this case.

6. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstances relating thereto.

7. I have reviewed the provisions of MLBR 2016-1.

I certify under the penalty of perjury that the foregoing is true and correct.

/s/ Kate E. Nicholson
Kate E. Nicholson (BBO# 674842)
Nicholson Shepard LLC
875 Massachusetts Ave., Ste. 31
Cambridge, MA 02139
(857) 600-0508

Dated: November 24, 2015                    knicholson@nicholsonshepard.com

CERTIFICATE OF SERVICE

November 24, 2015

      I, John O. Desmond, certify under the pains and penalties of perjury that on this date, true and correct copies of the foregoing APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL were served via the U.S. Bankruptcy Court's CM/ECF filing system or by U.S. Mail, First Class, postage pre-paid, to those persons not appearing on the Court's receipt of electronic filing: **The motion has been served on all creditors and interested parties.**

United States Trustee

| | |
|---|---|
| James Hayes, Esq. | Attorney for Debtor |
| Michael Grant, Esq. | Attorney for Source One Financial Corp. |
| Laura Brandow White, Esq. | Attorney for One Salem Street Improvement |
| David G. Baker, Esq. | Attorney for Kelia Maria Rodriguez |
| Jason Giguere, Esq. | Attorney for Everett Cooperative Bank |
| Richard T. Mullgan, Esq. | Attorney for Everett Cooperative Bank |
| James McNulty, Esq. | Attorney for Shamrock Finance |
| Alan Braunstein, Esq. | Attorney for Trustee |
| Jeffrey Ganz, Esq. | Attorney for Trustee |

/s/ John O. Desmond
_____
John O. Desmond

AFC Automotive Floorplan Financing
77 Hosmer Street
Acton, MA 01720-5424

AT&T
208 S. Akard Street
Suite 110
Dallas, TX 75202-4209

Auto Advance LLC
14 Joyce Road
Wayland, MA 01778-4516

Auto Use Auto Loan
45 Haverhill St
Andover, MA 01810-1499

Auto Zone
123 South Front Street
Memphis, TN 38103-3618

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238
preferred

Barclay Credit
125 S.W. St.,
Wilmington, DE 19801

Capital One
1680 Capital One Drive
Mc Lean, VA 22102-3407

Everett Cooperative Bank
419 Broadway
Everett, MA 02149-3435

James Hayes
James Hayes and Associates
82 Otis Street
Cambridge, MA 02141-1719

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109-3901

John O. Desmond
24 Union Avenue, Suite 23
Framingham, MA 01702-8287

Joseph Marchese, Esquire
221 Beach Street
Revere, MA 02151-3165

Kaila Marua RODRIGUEZ
78 Harwood Street
Apartment 1
Lynn, MA 01902-4219

Keila Maria RODRIGUEZ
157 Ferry Street
Everett, MA 02149-5632

Mass DOT
10 Park Plaza
Suite 4160
Boston, MA 02116-3979

Mr. Conti
c/o David O'Neal, Esquire
Silverstein & O'Neal
391 Broadway
Everett, MA 02149-3470

Next Gear Capital
11799 North College Avenue
Carmel, IN 46032-5605

Northeastern University GAP Funding
c/o 360 Huntington Avenue
Boston, MA 02115-5000

One Salem Street Improvement Association, In
undeliverable

Quincy Auto Auction
196 Ricciuti Drive
Quincy, MA 02169-6399

Romulo A Rodrigues-Aguiar
19 One Salem Street
Swampscott, MA 01907

Shamrock Finance
116 Topsfield Road
Wenham, MA 01984-1932

Shamrock Finance LLC
undeliverable

Shamrock Finance LLC
c/o James J McNulty, Esq
40 Court Street, 11th Floor
Boston, MA 02108-2202

Source One Financial
183 Washington Street
Suite #1
Norwell, MA 02061-1752

Source One Financial Corporation
183 Washington St.
#1
Norwell, MA 02061-1752

Supreme Cars, Inc
157 Ferry Street
Everett, MA 02149-5632

Yuridania D. SUERO
222 Essex Street
Apartment 3
Lynn, MA 01902-2338

Yuridanua D. Suero
157 Ferry Street
Everett, MA 02149-5632