UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re: | |
|---|---|
| ROMULO A. RODRIGUES-AGUIAR, | Case No. 15-12640 (MSH) |
| Debtor. | Chapter 7 |

**TRUSTEE'S MOTION FOR AUTHORITY UNDER FED.R.BANKR.P. 2004
TO OBTAIN DOCUMENTS AND TESTIMONY FROM
SOURCE ONE FINANCIAL CORP.**

Pursuant to Fed.R.Bankr.P. 2004, John O. Desmond, the duly appointed and acting Chapter 7 Trustee (the "Trustee") of the estate of Romulo A. Rodrigues-Aguiar (the "Debtor"), requests leave to conduct the examination of the keeper of the records for and person most knowledgeable from Source One Financial Corp. ("Source One") and to issue one or more subpoenas (a) compelling Source One to designate the appropriate person or people to attend such examination pursuant to Fed.R.Bankr.P. 2004(d) at the office of the Trustee's counsel located at Three Center Plaza, Boston, Massachusetts, at a time to be determined by the Trustee, and (b) requiring Source One to produce with fourteen (14) days of the Trustee's request, all documents identified on the attached Exhibit A among others the Trustee may request.

Source One is listed as an unsecured creditor of the Debtor and, upon information and belief, conducted business with the Debtor and his former corporation, Supreme Cars, Inc. As a result of Source One's status as a creditor of the Debtor and its knowledge of the Debtor's pre-petition business practices, the Trustee believes and avers that Source One is likely to have information and documentation concerning the Debtor's assets, liabilities, income, business interests, and financial condition. Through this motion, the Trustee requests the authority to

obtain that information and documentation to assist the Trustee in his administration of the Debtor's bankruptcy estate.

In further support of the relief sought in this motion, the Trustee makes the following statements:

### **Background**

1. On July 2, 2015, (the "Petition Date"), the Debtor commenced this proceeding by filing a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

2. On the Petition Date, the Debtor was an individual residing at the real property located at 19 One Salem Street, Swampscott, Massachusetts.

3. Prior to the Petition Date, the Debtor was the owner of Supreme Cars, Inc. Upon information and belief, Source One provided financing to the Debtor and/or Supreme Cars, Inc. As a result of this financing relationship, the Trustee believes and avers that Source One is in possession of loan applications, financial statements, and other documentation and information pertaining to the Debtor's pre-petition assets, liabilities, income, business interests, and financial condition.

4. In June 2015, within one month of his bankruptcy filing, the Debtor participated in a transaction in which he purported to sell his ownership or other interests in Supreme Cars, Inc. to a third party. The Debtor has not disclosed the terms of this transaction, nor has he provided sufficient information concerning that transaction in his Schedules or Statement of Financial Affairs.

5. In light of the foregoing, the Trustee believes and avers that Source One has knowledge, information, and documentation that could assist the Trustee in evaluating the assets, liabilities, income, business interests, and financial condition of the Debtor. More

specifically, the Trustee believes and avers that Source One may have information concerning the value of the Debtor's interest in Supreme Cars, Inc.

6. As a consequence, the Trustee seeks the authority requested in this motion for the purpose of requiring Source One to assist the Trustee in investigating the Debtor's interests, assets, liabilities, and financial condition.

## Legal Authority for the Relief Sought

7. Bankruptcy Rule 2004 permits any party in interest to examine "any entity" relating to the acts, conduct or property of the debtor, the liabilities and financial condition of the debtor or "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(a)-(b); *see also In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985).

8. As the person vested with the authority and responsibility to evaluate the Debtor's assets, liabilities, and potential causes of action, the Trustee is a party in interest entitled to conduct an examination under Fed. R. Bankr. P. 2004.

9. Where Source One has engaged in one or more transactions with the Debtor and/or Supreme Cars, Inc., it is likely to have substantial information and documentation to assist the Trustee in his investigation of the assets, liabilities, and financial condition of the Debtor.

## Conclusion

WHEREFORE, the Trustee respectfully requests that this Court grant the relief sought in this motion authorize him to issue one or more subpoenas (a) compelling Source One to designate the appropriate person or people to attend such examination pursuant to Fed.R.Bankr.P. 2004(d) at the office of the Trustee's counsel located at Three Center Plaza, Boston, Massachusetts, at a time to be determined by the Trustee, and (b) requiring Source One

to produce with fourteen (14) days of the Trustee's request, all documents identified on the attached Exhibit A among others the Trustee may request.

          JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF ROMULO A. RODRIGUES-AGUIAR,

          By his attorneys,
          RIEMER & BRAUNSTEIN LLP,

          */s/ Jeffrey D. Ganz*
          Jeffrey D. Ganz, BBO# 564375
          Riemer & Braunstein LLP
          Three Center Plaza
          Boston, MA  02108
          Phone: 617.880.3568
          Fax:   617.692.3568
          E-mail:  jganz@riemerlaw.com

DATED: December 8, 2015

# EXHIBIT A

781404.1

## **SCHEDULE OF DOCUMENTS**

For the purposes of these requests, the following definitions and instructions shall apply unless otherwise specified:

1. The term **"Debtor"** shall refer to the Debtor, Romulo A. Rodrigues-Aguiar a/k/a Romulo Aguiar, his agents, representatives, employees, attorneys, heirs, assigns and any other person or entity acting for him or on his behalf.

2. The term **"Source One"** shall refer to Source One Financial Corp., its officers, directors, loan originators, agents, representatives, employees, attorneys, heirs, assigns and any other person or entity acting for him on his behalf.

3. The term **"Document"** or **"Documents"** shall mean drafts, originals and copies of any and all writings, papers and other tangible inscriptions, whether handwritten, typed, printed, photographed, in electronic form or electronically stored, or otherwise produced, including, but not limited to, letters, cables, wires, minutes, electronic mail messages ("email"), text messages, metadata, diaries, calendar or desk pads, scrapbooks, notebooks, correspondence, postcards, bulletins, press releases, circulars, forms, pamphlets, notices, statements, journals, reports, notes, memoranda (written memoranda of telephone conversations, office conversations, discussions, agreements, acts and activities), and inter-office and intra-office communications, contracts, agreements, assignments and other official records and legal instruments; microfilm, microfiche and other systems of information storage and retrieval; photographs, photomicrographs, and photographic film and negatives, phone records, tapes, and other sound recordings; computer tapes, cards, programs and printouts; specifications, work statements, blueprints, drawings, graphs, charts, scientific data and test results; data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form;

published materials of any kind, travel reports, accounts and vouchers; ledgers, bills, expense accounts, price listings, catalogs, orders, books, records, purchase orders, invoices, checks, receipts and files, and also including, but not limited to, the document itself, all earlier and later editions, revisions and supplements, as well as all materials or data incorporated into or referred to in the document.

4. The term **"Communication"** or **"Communications"** shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and all Documents evidencing such Communication.

5. The term **"Concerning"** shall mean relating to, referring to, describing, evidencing, or consulting.

6. The term **"Person"** shall mean the plural as well as the singular and includes any natural person, or any business, legal, or governmental entity or association.

7. The term **"Petition Date"** shall mean July 2, 2015.

8. Unless otherwise stated, each of the following requests seeks information generated on and after January 1, 2013 through the present.

9. With respect to any Document or Communication withheld from production to the Trustee under a claim of privilege or other protection, you must provide a log stating the following:

   a. The name and address of the sender of the document;

   b. The name and address of the author of the document;

   c. The name and address of the individual to whom the document was addressed;

   d. The name(s) and address(es) of the individual(s) to whom a copy of the document was addressed;

2

e. The name(s) and address(es) of all individuals known to you who have seen the document or participated in communications about the document;

f. The job title of each individual listed in items (a) through (e) above;

g. The date of the document;

h. The date on which the document was received by those having possession of the document;

i. A brief description of the nature and subject matter of the document; and

j. The statute, rule, decision or other basis which is claimed to give rise to the privilege.

## DOCUMENTS REQUESTED

1. All invoices and other Communications between Source One and the Debtor or any Person acting on his behalf.

2. All invoices and other Communications between Source One and Supreme Cars, Inc. or any Person acting on its behalf.

3. All Communications between Source One and Joseph P. Marchese, Jr. Concerning the Debtor or Supreme Cars, Inc.

4. All Communications between Source One and Michael K. Marchese Concerning the Debtor or Supreme Cars, Inc.

5. All Communications between Source One and Everett Cooperative Bank (including its attorneys and other representatives) Concerning the Debtor or Supreme Cars, Inc.

6. All Documents and Communications Concerning the amount owed by the Debtor to Source One during the period of time beginning on June 1, 2015 and ending on the Petition Date.

3

7. All cash flow statements, balance sheets, income statements, profit and loss statements, personal financial statements, loan applications, tax returns, credit reports, due diligence reports, and all other Documents Concerning the Debtor's income, assets, liabilities, business interests, and financial condition.

8. All cash flow statements, balance sheets, income statements, profit and loss statements, personal financial statements, loan applications, tax returns, credit reports, due diligence reports, and all other Documents Concerning Supreme Cars, Inc's income, assets, liabilities, business interests, and financial condition.

9. All contracts and other agreements Concerning the relationship between the Debtor and Source One including, without limitation, all leases, promissory notes, guaranties, floor plan financing agreements, purchase and sale agreements, bills of sale, accepted offers, and motor vehicle titles. This request also seeks all amendments and modifications to the responsive contracts and agreements.

10. All contracts and other agreements Concerning the relationship between Supreme Cars, Inc. and Source One including, without limitation, all leases, promissory notes, guaranties, floor plan financing agreements, purchase and sale agreements, bills of sale, accepted offers, and motor vehicle titles. This request also seeks all amendments and modifications to the responsive contracts and agreements.

11. All Documents and Communications Concerning Source One's evaluation of the Debtor's financial condition and/or credit.

12. All Documents and Communications Concerning Source One's evaluation of Supreme Cars, Inc. financial condition and/or credit.

4

13. An accounting of all funds advanced, credit extended, financing provided, and/or payments made by Source One to the Debtor.

14. An accounting of all funds advanced, credit extended, financing provided, and/or payments made by Source One to Supreme Cars, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROMULO A. RODRIGUES-AGUIAR,<br><br>Debtor. | Case No. 15-12640 (MSH)<br><br>Chapter 7 |

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY
UNDER FED.R.BANKR.P. 2004 TO OBTAIN DOCUMENTS
AND TESTIMONY FROM SOURCE ONE FINANCIAL CORP.**

Upon consideration of the *Trustee's Motion for Authority Under Fed.R.Bankr.P. 2004 to Obtain Documents and Testimony from Source One Financial Corp.* (the "Motion"), and finding that due and sufficient notice of the Motion has been given and having considered any objections thereto, and for good cause shown: it is hereby **ORDERED** that:

1. The Motion is GRANTED;

2. The Trustee is to issue one or more subpoenas (a) compelling Source One Financial Corp. to designate the appropriate person or people to attend such examination pursuant to Fed.R.Bankr.P. 2004(d) at the office of the Trustee's counsel located at Three Center Plaza, Boston, Massachusetts, at a time to be determined by the Trustee, and (b) requiring Source One Financial Corp. to produce with fourteen (14) days of the Trustee's request, all documents identified on the attached Exhibit A among others the Trustee may request.

Dated: _____, 2015

_____
Honorable Melvin S. Hoffman
Chief United States Bankruptcy Court Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROMULO A. RODRIGUES-AGUIAR,<br><br>                              Debtor. | Case No. 15-12640 (MSH)<br><br>Chapter 7 |

## CERTIFICATE OF SERVICE

      I, Jeffrey D. Ganz, with the law firm of Riemer & Braunstein LLP, hereby certify that I caused to be served on December 8, 2015 a true and accurate copy of the **Trustee's Motion for Authority Under Fed.R.Bankr.P. 2004 to Obtain Documents and Testimony from Source One Financial Corp.,** by first class United States mail, postage pre-paid, or by electronic notification (EN) where indicated, to the individuals listed below:

Office of the United States Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV  (EN)

John O. Desmond
24 Union Avenue, Suite 23
Framingham, MA 01702
trustee@jdesmond.com, jdesmond@ecf.epiqsystems.com (EN)

Source One Financial
183 Washington Street, No. 1
Norwell, MA 02061

James Hayes, Esq.
James Hayes and Associates
82 Otis Street
Cambridge, MA 02141
james.ace@comcast.net (EN)

Romulo A Rodrigues-Aguiar
19 One Salem Street
Swampscott, MA 01907

David G. Baker
236 Huntington Avenue, Ste. 306
Boston, MA 02115
bkdave1@verizon.net;ecf@bostonbankruptcy.org (EN)


Laura White Brandow, Esq.
Marcus Errico Emmer & Brooks, PC
45 Braintree Hill Park, Suite 107
Braintree, MA 02184
lbrandow@meeb.com (EN)

Jason Giguere, Esq.
Richard T. Mulligan, Esq.
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461
mabk@harmonlaw.com (EN)

Michael Grant, Esq.
LeClair Ryan, P.C.
One International Place, 11th Floor
Boston, MA 02110
michael.grant@leclairryan.com (EN)

James J. McNulty
40 Court Street, Suite 1150
Boston, MA 02108
jjm@jjmcnultylaw.com (EN)

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Internal Revenue Service
Special Procedures Function STOP 20800
P.O. Box 9112
JFK Building
Boston, MA 02203

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Commonwealth of Massachusetts
Department of Unemployment Assistance
Charles F. Hurley Building
19 Staniford Street
Boston, MA 02114

United States Attorney
John Joseph Moakley United States Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210

Office of the Attorney General
Fair Labor Division
Commonwealth of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108

                                                  /s/ *Jeffrey D. Ganz*
Jeffrey D. Ganz (BBO #564375)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
Phone: 617-880-3568
Fax:    617-692-3568
E-mail: jganz@riemerlaw.com

1911452.1