UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re: Romulo A. Rodrigues-Aguiar, Debtor | Chapter 7 Case<br>Case No. 15-12640 |
|---|---|
| Keila Maria Rodriguez, Plaintiff,<br>v.<br>Romulo A. Rodrigues-Aguiar, Defendant | ADVERSARY PROCEEDING<br>No. _____ |

COMPLAINT OBJECTING TO DISCHARGE OR DISCHARGEABILITY OF A DEBT

NOW COMES Keila Maria Rodriguez, a creditor in the above captioned matter (hereinafter "Rodriguez"), and complains of the defendant, and seeks the denial of the debtor's discharge and/or a determination of the dischargeability of a debt owed to her by the debtor, and in support of the complaint states as follows:

The Parties, Jurisdiction and Venue

1. Plaintiff Keila Maria Rodriquez is a creditor in the above captioned chapter 7 case.
2. She is an individual, and resides in Lynn, Massachusetts.
3. Defendant Romulo A. Rodrigues-Aguiar (hereinafter "Aguiar") is the debtor in the underlying bankruptcy case, filed in this court. Upon information and belief, he resides in Lynn, Massachusetts. Accordingly, venue of the bankruptcy case and of this proceeding is appropriate in this court pursuant to 28 USC §§1408 and 1409.
4. The federal District Court for the District of Massachusetts has jurisdiction of this matter pursuant to 28 USC §1334. The District Court has referred bankruptcy cases, and proceedings under, arising in or related to them, to the bankruptcy judges of this district pursuant to 28 USC §157(a).
5. This is a core proceeding within the meaning of 28 USC §157(b), as the causes of action arise under Title 11 of the United States code. Therefore, this court has jurisdiction and authority to enter a final judgment, to which Rodriguez consents insofar as is constitutionally permissible.

FACTS COMMON TO ALL COUNTS

6. Aguiar commenced this case by filing a petition under chapter 7 on July 2, 2015. Schedules and other statements were filed thereafter.

7. The docket of the bankruptcy case indicates that a meeting of creditors was held and the debtor was examined by the trustee on August 11, 2015. It also indicates that the meeting has been continued numerous times, but has not yet been concluded.

8. The docket further reflects that the trustee and various other creditors have sought and obtained extensions of time to object to the debtor's discharge, but as yet have not filed complaints.

9. A review of the debtor's schedules (docket number 18) reflect numerous entries of dubious credibility. For example, the debtor states on schedule B that he has no checking or other financial accounts; no household goods and furnishings; and no stock and interests in incorporated and unincorporated businesses.

10. Furthermore, the majority of debts listed on schedule F are described as "unknown" in amount.

11. Schedules I and J indicate no income and no expenses.

12. The means test, form 22A (document 20), is all zeros.

13. Form 22A-1 indicates that the debtor is married and has two children, and that his average monthly income for the last six months was $3,811.00.

14. The statement that the debtor has "no stock and interests in incorporated and unincorporated businesses" is particularly disturbing because the debtor entered into a contract with Rodriguez (the moving party) whereby he was to sell Supreme Cars, Inc. (a used car business in Lynn, MA) to her and Yuridania D. Suero. A review of the Corporation records at the website of the Secretary of the Commonwealth indicates that the debtor is the sole corporate officer of Supreme Cars, Inc.

15. The contract was signed and notarized on June 15, 2015 – a mere eighteen days before filing his petition. Rodriguez paid a purchase price of $125,000 at about that time and also agreed to assume all of the debt, encumbrances and liabilities of Supreme Cars, Inc., in addition to receiving all of the assets, etc., of the business.

16. In fact, Rodriguez believes that the debtor never took any steps to complete the transaction, such as by changing the corporate records of the Secretary of the Commonwealth and giving Rodriguez possession of the assets of the corporation.

17. Oddly enough, the debtor lists Supreme Cars, Inc., as a creditor on Schedule F. Upon information and belief, Aguiar is the only *actual* officer of the corporation.

18. On the Statement of Financial Affairs, question 19, he indicates that Supreme Cars, Inc., is in possession of his books of account and records, and indicates "new owners", by which it seems that he is referring to Rodriguez and Suero. Rodriguez has no books and records of the debtor, so far as she knows.

19. In fact, Rodriguez believes that all of the cars on the lot (located at 157-163 Ferry Street in Everett) were subject to floor plan security agreements and have been repossessed by

the secured party(s), apparently pre-petition.  In addition, the landlord of the car lot apparently has served the debtor with a 14 Day Notice to Quit the premises, dated July 1, 2015 – the day before the petition was filed.  The landlord is Joseph P. Marchese, Jr., an attorney and former officer of Supreme Cars, Inc.

### COUNT I – DENIAL OF DISCHARGE PURSUANT TO 11 USC §727

20. All of the foregoing factual allegations are incorporated herein by reference.
21. Section 727(a)(3) provides that a debtor shall not be granted a discharge if "he debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case".  Although Aguiar states that he gave the corporation records to Rodriguez, he did not do so.  Thus his apparent lack of recorded information warrants denial of discharge.  Furthermore, the numerous continuances of the meeting of creditors warrants an inference that the trustee is unable to make an informed determination as to what assets the estate may possess.  Aguiar's actions were not justified under all of the circumstances of the case.
22. Section 727(a)(4) provides that a debtor shall not be granted a discharge if, among other things, the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.  The gross inadequacies of the schedules and statements filed by him in this case, particularly paragraphs 9 through 19 above, constitute false oaths because the schedules and statements are signed under pains and penalties of perjury.  Aguiar has done nothing on the docket of this case to correct the inadequacies or misstatements, and should be denied a discharge.
23. Section 727(a)(5) provides that a debtor shall not be granted a discharge if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."  Given that Aguiar received $125,000 from Rodriguez mere days before the petition was filed and has not explained the loss or deficiency of assets (including the $125,000) to meet his liabilities, at least not to the satisfaction of the trustee (given the repeated continuances of the meeting of creditors), Aguiar should be denied a discharge.

### COUNT II – EXCEPTION TO DISCHARGE PURSUANT TO 11 USC §523

24. All of the foregoing factual allegations are incorporated herein by reference.
25. When Aguiar entered into a contract on June 15, 2015, to sell Supreme Cars Inc. to

    Rodriguez a mere 18 days prior to filing his bankruptcy petition, Aguiar had neither intention nor ability to complete the contract and conveying the business to Rodriguez, given the proximity of the contract date to the petition date.

26. His representation to the contrary was the product of false pretenses, a false representation or actual fraud within the meaning of 11 USC §523(a)(2)(A). Thus the debt to Rodriguez should be declared non-dischargeable pursuant to that statute.

27. The written contract, itself, constitutes a statement in writing concerning his financial condition (i.e., that he could and would convey the business and its assets, tangible and non-tangible) because it contains representations and warranties as to his ability to comply with its terms. Thus the debt to Rodriguez should be declared non-dischargeable within the meaning of 11 USC §523(a)(2)(B).

28. The same acts and omissions constitute willful and malicious injuries within the meaning of 11 USC §523(a)(6)

    WHEREFORE Rodriguez requests that the court deny Aguiar a discharge and/or that the court declare that the debt owed to Rodriguez is not dischargeable, for the reasons given herein, together with costs and attorney fees in accordance with applicable rule or statute.

December 14, 2015

                                                   Respectfully submitted,
                                                   Keila Maria Rodriguez
                                                   By her attorney,

                                                 /s/ *David G. Baker*
                                               David G. Baker, Esq.
                                               236 Huntington Avenue Room 306
                                               Boston, MA   02115
                                               (617) 367-4260
                                               BBO # 634889