# BUSINESS PURCHASE AGREEMENT

This Business Purchase Agreement (this "Agreement") is made and entered into on June 12, 2015, by and between ROMULO AGUIAR, having its principal office of business at 19 ONE SALEM STREET, SWAMPSCOTT, Massachusetts 01907 ("Seller"), on the one hand, and KEILA MARIA RODRIGUEZ, having its principal office of business at 78 HARWOOD STREET, #1, LYNN, Massachusetts 01905, and YURIDANIA D. SUERO, having its principal office of business at 222 ESSEX STREET, #3,, LYNN, Massachusetts 01902 (jointly and equally as "Buyer"), on the other hand. Seller and Buyer are collectively referred to herein as (the "Parties"), and are sometimes referred to individually as a ("Party").

RECITALS:

WHEREAS, Seller is the owner of a SUPREME CARS INC., located at 157 FERRY STREET, EVERETT, Massachusetts 012149, and all its stocks, shares and interest (collectively, the "Business"), and all its stocks, shares and interest;

WHEREAS, Seller desires to sell the Business to Buyer, and Buyer desires to purchase the Business from Seller.

NOW, THEREFORE, for and in consideration of the mutual covenants and benefits derived and to be derived from this Agreement by each Party, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Buyer hereby agree as follows:

### A. Subject Matter

**1. Description of Business**

The Business includes the following properties:

The Inventory, which includes the stock in trade and merchandise, raw materials, work in progress and finished goods to be sold and purchased under this Agreement

All the furniture, fixtures, equipment, and other tangible assets

All the trade, goodwill, and other intangible assets

The leasehold interest owned by Seller for premises on which the business is located, pursuant to a valid assignment of lease

Licenses, Accounts Receivables and Floor Plans

**Agreement to Sell**
Subject to and in accordance with the terms and conditions of this Agreement, Buyer agrees to purchase the Business from Seller, and Seller agrees to sell the Business to Buyer. Seller

Seller: _RA_    Buyer: _KR_    Buyer: _YS_

represents and warrants to Buyer that it has (and Buyer will have) good and marketable title to the Business, free and clear of all liens and encumbrances, except those disclosed to Seller. Seller agrees to and ASSUMES ALL DEBTS AND LIABILITIES in consideration for all accounts receivables and deduction of [good-faith] estimation of current debts and liabilities in the amount of $656,000.00 currently.

## 2. Purchase Price and Method of Payment
Buyer shall pay and Seller shall accept the purchase price for the Business as follows:

### Closing
Seller and Buyer agree to execute and complete the closing of this sale by June 13, 2015, and affirm to have reviewed the entirety of this agreement, and that Buyer shall take possession of the Business immediately therein.

### Consideration
As total consideration for the purchase and sale of the Business (including its tangible and intangible assets as described above), and Buyer's assumption of the assumed obligations and all other liabilities provided for in this Agreement, the Buyer shall pay to the Seller the sum of $781,000.00, and such total consideration to be referred to in this Agreement as the "Purchase Price."

### Payment
The sum of $125,000.00 shall be delivered to Seller upon Buyer's execution of this Agreement. Subject to the following conditions the Buyer shall assume all debt and obligations for the property at closing in the total amount of $656,000.00 for a total purchase price of $781,000.00.

### Fair Market Value
Buyer and Seller each acknowledge that the amount of Purchase Price allocated to the Business properties represents the fair market value of the properties. Buyer and Seller each agree to report the sale of the business for income tax purposes according to the allocations set forth herein.

## 3. Closing
### Time and Place of Closing
Closing is the date and time at which parties agree to finalize this transaction. The closing date is designated as June 12, 2015, provided there are no unforeseen delays. Time is of the essence and in no event shall closing be later than 30 calendar days after designated closing date, unless an extension is agreed upon in writing between the Buyer and the Seller.

At Closing, Seller shall deliver to the Buyer a final, executed Bill of Sale transferring to Buyer all of the assets of the Business sold hereunder, free and clear of any and all liens, encumbrances, security interests, debts or taxes of any nature whatsoever. The Seller shall also produce an Affidavit of Title indicating the Seller's authority to sell and transfer the Business and its assets. Finally, the Seller shall execute and deliver an assignment of the assumed name of the Business to the Buyer and any other documents necessary to finalize this Agreement.

## B. Representations and Warranties of Seller

Seller makes the following representation and warranties as of the date hereof and as of the date of Closing, except when otherwise indicated.

**Organization and Standing**

The Business is duly organized, validly existing, in good standing under the laws of the State of Massachusetts and is qualified to carry on its business in the State of Massachusetts, and has the corporate power and authority to carry on its business as it is now being conducted.

**Authority Relative to this Agreement**

Except as otherwise stated herein, the Seller has full power and authority to execute this Agreement and carry out the transactions contemplated by it. No further action is necessary by the Seller to make this Agreement valid and binding upon Seller and enforceable against it in accordance with the terms hereof, or to carry out the actions contemplated hereby. The execution, delivery, and performance of this Agreement by the Seller will not constitute:

> (i) a breach or a violation of the Corporation's Certificate of Incorporation, by-laws, or of any law, agreement, indenture, deed of trust, mortgage, loan agreement or other instrument to which it is a party, or by which it is bound;

> (ii) a violation of any order, judgment or decree to which it is a party or by which its assets or properties is bound or affected; or

> (iii) result in the creation of any lien, charge or encumbrance upon its assets or properties except as stated herein.

**Authorization and Enforceability**

This Agreement constitutes Seller's legal, valid and binding obligation, enforceable in accordance with its terms, subject, however, to the effects of bankruptcy, insolvency, reorganization, moratorium, fraudulent transfer and conveyance and other laws for the protection of creditors, as well as to general principles of equity, regardless whether such enforceability is considered in a proceeding in equity.

**Tax Matters**

The Seller has timely prepared and filed all federal, state, and local tax returns and reports as are and have been required to be filed, and all taxes shown thereon to be due have been paid in full, including but not limited to sales tax, withholding tax, and all other taxes of every nature. Buyer assumes all tax liabilities on Business for the year of 2015 as of the closing date and beyond.

**Properties**

The Seller has good and merchantable title to all of its properties and assets that constitute "Business" as defined herein and where applicable. The buyer assumes all encumbrances, debts and liabilities in consideration for the accounts receivable.

**Litigation**

Seller: /BA/   Buyer: KR   Buyer: YS

There is no action, suit, proceeding, claim or investigation by any person, entity, or governmental entity pending or, to Seller's knowledge, threatened against it before any governmental entity that impedes or is likely to impede its ability to consummate the transaction.

**Compliance with Applicable Laws**
None of the Seller's actions in transferring good and merchantable title to those assets and properties set out in herein are prohibited by or have violated or will violate any law in effect on the date of this Agreement or on the date of closing.

**Documents for Review**
The Seller's Documents for Review enumerated in Exhibit "A" attached hereto and made a part hereof are true, authentic, and correct copies of the originals, or as appropriate the originals themselves, and no alterations and modifications thereof have been made.

**Non-Compete**
Upon finalizing this transaction, the Seller will not directly or indirectly engage in any business competitive with SUPREME CARS INC.. This covenant shall apply to the geographical area that includes the area within a 50 MILES-mile radius of 157 FERRY STREET, EVERETT, MA. Directly or indirectly engaging in any competitive business includes, but is not limited to: (i) engaging in a business as owner, partner, or agent, (ii) becoming an employee of any third party that is engaged in such business, (iii) becoming interested directly or indirectly in any such business, or (iv) soliciting any customer or current Executive or Employee of SUPREME CARS INC. for the benefit of a third party that is engaged in such business. The parties agree that this non-compete provision will not adversely affect ROMULO AGUIAR's livelihood.

**Business Lease**
The lease currently operative on the premises, if applicable, is in good standing and all payments required to be made under the lease have been made by Seller or disclosed in good faith to Buyer and made part of the debts assumed by Buyer. All rent averages, rent, maintenance and other expenses relating to the lease including any real property tax obligations and insurance obligations up to occupancy by Buyer are the responsibility of Seller, unless disclosed in good faith to Buyer and made part of the debts assumed by Buyer.

Seller and Buyer will each pay 50% of any and all fees charged by the Landlord for processing any assignment of the lease to Buyer.

**No Other Representations or Warranties; Disclosed Materials**
Seller makes no other express or implied representations of warranty with respect to Seller, and Seller disclaims any other representations or warranties not contained in this Agreement, whether made by Seller, any affiliate of Seller, or any of their respective officers, directors, managers, partners, employees or agents.

### C. Representations and Warranties by both Buyer and Seller

Seller: /s/ BA       Buyer: KR       Buyer: YS

Buyer makes the following representations and warranties as of Closing and as of the date hereof.

### Warrants
Buyer and Seller hereby represent and warrant that there has been no act or omission by Buyer or Seller which would give rise to any valid claim against any of the parties hereto for a brokerage commission, finder's fee, or other like payment in connection with the transactions contemplated hereby.

### Financial Resources
Buyer shall have as of Closing, sufficient funds with which to pay the Closing Amount and consummate the transaction and, following Closing, Buyer will have sufficient funds to pay any adjustments to the Purchase Price and meet its other payment obligations under this Agreement.

### Payment of Costs and Expenses
Except as expressly provided to the contrary in this Agreement, each party shall pay all of its own costs and expenses incurred with respect to the negotiation, execution and delivery of this Agreement and the exhibits hereto.

### Litigation
There is no action, suit, proceeding, claim or investigation by any person, entity, or governmental entity pending or, to Buyer's knowledge, threatened against it before any governmental entity that impedes or is likely to impede its ability to consummate the transaction and to assume the liabilities to be assumed by it under this Agreement.

### Indemnification
Buyer shall indemnify and hold Seller harmless from any and all liabilities and obligations arising from Buyer's operation of the business after the Closing. Similarly, Seller shall indemnify and hold Buyer harmless from any and all liabilities and obligations arising from Seller's operation of the business prior to the Closing.

### Default
After execution of this Agreement by the parties, if either party fails to perform its respective obligations, or breaches a warranty or covenant, that would constitute a default. The defaulting party shall cure the default within 30 days of notice by the other party. In the event of a failure to cure such default by either party within the stipulated time, Seller or Buyer shall have the right to cancel this transaction and/or sue for damages in addition to any other relief provided under this Agreement. In a suit for default, the prevailing party shall recover reasonable attorney fees.

### Survival of Representations and Warranties
Each of the parties to this Agreement covenants and agrees that their respective representations, warranties, covenants, statements, and agreements contained in this Agreement shall survive the Closing Date. Except the exhibits hereto or the documents and papers delivered by Seller to Buyer in connection with the Agreement herewith, there are no other agreements, representations, warranties, or covenants by or among the parties hereto with respect to the subject matter hereof.

Seller: /s/    Buyer: KR    Buyer: YS

**Buyer's Evaluation**
Buyer acknowledges that it is an experienced and knowledgeable investor in BUSINESS MANAGEMENT and is aware of the risks.

**Cooperation**
Both Seller and Buyer agrees to cooperate fully with each other and to execute such further instruments, documents and agreements and to give such further written assurances, as may be reasonably requested by the parties, to better evidence and consummate the transactions described herein and contemplated hereby, and to carry into effect the intents and purposes of this Agreement.

**Bankruptcy**
There are no bankruptcy, reorganization or arrangement proceedings pending, being contemplated by or to such Buyer's knowledge threatened against such Buyer or any affiliate of such Buyer.

**Confidentiality**
Both Seller and Buyer shall not divulge, communicate, or use to the detriment of the other or for the benefit of any other person or persons, or misuse in any way, any of Seller's confidential information discovered by or disclosed to Seller or Buyer as a result of the delivery, execution or performance of this Agreement.

**No Investment Company**
Buyer is not (a) an investment company or a company controlled by an investment company within the meaning of the Investment Company Act of 1940, as amended, or (b) subject in any respect to the provisions of that Act.

### D. Transactions Prior to Closing

**Conduct of Seller's Business until Closing**
Except as Buyer may otherwise consent in writing prior to the Closing Date, Seller will not enter into any transaction, take any action, or fail to take any action which would result in or could reasonably be expected to result in or cause any of the representations and warranties of Seller contained in this Agreement to be void, invalid, or false on the Closing Date.

**Resignations**
Upon Buyer's written demand, Seller shall deliver to Buyer prior to the Closing Date such resignations of officers or employees of the business as Buyer shall indicate, and each such resignation to be effective on the Closing Date. Buyer shall have the right, at its own discretion, to maintain any employees or officers on its payroll and board.

**Satisfactions**
Seller shall deliver to Buyer on the Closing Date an itemized list of any encumbrance or lien on the business property, satisfactory in form and substance to the Buyer, indicating that the then

outstanding unpaid principal balance of any promissory note secured thereby has been paid in full prior to or simultaneously with the closing, or clearly indicating it as being part of the debts assumed by Buyer.

### Advice of Changes

Between the date hereof and the Closing Date, Seller will promptly advise Buyer in writing of any fact which, if existing or known at the date hereof, would have been required to be set forth herein or disclosed pursuant to this Agreement.

### Documents

Seller shall deliver to Buyer at closing such documents which are in Buyer's sole discretion and necessary to fully satisfy the objectives of this Agreement in content and form.

## E. General Provisions

### Waivers

No action taken pursuant to this Agreement including any investigation by or on behalf of any party shall be deemed to constitute a waiver by the party taking such action of compliance with any representation, warranty, covenant or agreement contained herein or therein and in any documents delivered in connection herewith or therewith. The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

### No Third-Party Beneficiaries

Except as otherwise provided, nothing in this Agreement shall provide any benefit to any third party or entitle any third party to any claim, cause of action, remedy, or right of any kind, it being the intent of the Parties that this Agreement shall not be construed as a third-party beneficiary contract.

### Notices

All notices, requests, demands and other communications which are required or may be given under this Agreement shall be in writing and shall be deemed to have been duly given if delivered or mailed, first class mail, postage prepaid to Seller, Buyer, or to such other address as such party shall have specified by notice in writing to the other party.

### Sections and Other Headings

The section and other headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretations of this Agreement.

### Governing Law; Venue

This agreement and all transactions contemplated hereby shall be governed by and construed and enforced in accordance with the laws of Massachusetts. Any dispute arising under this contract shall be resolved under the commercial arbitration rules of the American Arbitration Association. Any litigation arising out of this Agreement shall be brought before the Federal or State Courts

Seller: /s/       Buyer: KR       Buyer: YS

sitting in the City and County of Massachusetts, MIDDLESEX, and the Parties irrevocably consent to the jurisdiction of such courts and waive any right to choose or request any other venue. In the event that arbitration or litigation results from or arises out of this Agreement or the performance thereof, the parties agree to reimburse the prevailing party's reasonable attorney's fees, court costs, and all other expenses, whether or not taxable by the court as costs, in addition to any other relief to which the prevailing party may be entitled.

**Conditions Precedent**
If the obligations and responsibility of either party are not fulfilled by the appropriate dates thereof, then this Agreement shall be deemed null and void and any deposits paid at said time shall be returned to the Buyer forthwith.

**Time is of the Essence**
Time and timely performance are of the essence in this contract and of the covenants and provisions hereunder.

**Successors and Assigns**
This Agreement may not be assigned without the prior written consent of the parties hereto. Rights and obligations created by this contract shall be binding upon and inure to the benefit of the parties hereto, their successors and assigns. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

**Contractual Procedures**
Unless specifically disallowed by law, service of process in any litigation that arise hereunder may be obtained through certified mail, return receipt requested; the parties hereto waiving any and all rights they may have to object to the method by which service was perfected.

**Extraordinary Remedies**
To the extent cognizable at law, in the event of breach the parties hereto may obtain injunctive relief in addition to any and all other remedies available thereto regardless of whether the injured party can demonstrate that no adequate remedy exists at law.

**Entire Agreement**
This Contract contains the entire agreement of the parties, and there are no other promises or conditions in any other agreement whether oral or written concerning the subject matter of this Contract. This Contract supersedes any prior written or oral agreements between the parties.

**Severability**
If any provision of this Contract will be held to be invalid or unenforceable for any reason, the remaining provisions will continue to be valid and enforceable. If a court finds that any provision of this Contract is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision will be deemed to be written, construed, and enforced as so limited.

**Amendments**
This Contract may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

Seller: /s/    Buyer: /s/    Buyer: YS

**Initials and Exhibits**

This Contract shall not be valid and enforceable unless it is properly executed by Buyer and Seller and their initials affixed to each page of the exhibits attached hereto and made a part hereof.

**Signatories**

This Agreement shall be executed on behalf of ROMULO AGUIAR by ROMULO AGUIAR, its Owner, and on behalf of KEILA MARIA RODRIGUEZ by KEILA MARIA RODRIGUEZ and on behalf of YURIDANIA D. SUERO by YURIDANIA D. SUERO.

BUSINESS:

_____    Dated: 6-15-15
ROMULO AGUIAR
By ROMULO AGUIAR, its Owner

BUYER:

_____    Dated: 6/15/15
KEILA MARIA RODRIGUEZ, Buyer

_____    Dated: 6/15/15
YURIDANIA D. SUERO, Buyer

LAWRENCE J CESAREO
Notary Public, Commonwealth of Massachusetts
My Commission Expires Oct 16, 2020

_____
6/15/15

Seller: RA    Buyer: KR    Buyer: YS
Page 9 of 10

## Exhibit "A"
## Documents for Review

Leasehold Agreement(s)

Financial and Operating Statement(s)

Sales Tax Return(s)

Income Tax Return(s)

Accounts Payable/Receivables Ledger

Corporate Articles of Incorporation

Corporate Bylaws

LIST OF ALL CREDITORS WITH RESPECTIVE AMOUNTS AND FLOOR PLANS

For all documents named above the Seller shall provide full and complete records covering the past 3 years.

_____   Dated: 6-15-15
ROMULO AGUIAR

_____   Dated: 6/15/15
KEILA MARIA RODRIGUEZ

_____   Dated: 6/15/15
YURIDANIA D. SUERO, Buyer

LAWRENCE J CESAREO
Notary Public, Commonwealth of Massachusetts
My Commission Expires Oct. 16, 2020

6/15/15

Seller: _____   Buyer: _____   Buyer: YS
Page 10 of 10

**State of Massachusetts**     $781,000.00
**County of MIDDLESEX**      June 12, 2015

## Bill of Sale

FOR AND IN CONSIDERATION OF the sum of $781,000.00 U.S. Dollars, plus any applicable sales tax, paid by $125,000.00 in CASH and $656,000.00 in BUYER'S ASSUMPTION OF CURRENT DEBTS AND LIABILITIES, the receipt of which is hereby acknowledged, ROMULO AGUIAR (the "Seller") of 19 ONE SALEM STREET, SWAMPSCOTT, Massachusetts 01907 **DOES HEREBY SELL, ASSIGN, AND TRANSFER** to KEILA MARIA RODRIGUEZ, of 78 HARWOOD STREET, #1, LYNN, Massachusetts 01905, and YURIDANIA D. SUERO, of 222 Essex Street, #3, Lynn, Massachusetts 01902 (jointly and equally as the "Buyer"), the following described property (the "BUSINESS"):

SUPREME CARS INC., DOMESTIC PROFIT CORPORATION, MA ID 000878576, WITH ALL ITS ASSETS, STOCKS, SHARES, INTERESTS, ACCOUNTS RECEIVABLES AND CLAIMS. BUYER ASSUMES ALL DEBT, ENCUMBRANCES AND LIABILITIES.

The Business is being sold fully and completely and the Seller explicitly disclaims all warranties, whether expressed or implied, including but not limited to, any warranty as to the future performance of the Business. The Seller's above warranty disclaimer is based on a good faith disclosure of all assets and encumbrances to the Buyer.

The Buyer has been given the opportunity to inspect and appraise the Business, or alternatively, have the Business inspected and appraised. Additionally, the Buyer has accepted the Business in its existing condition and assumes all its debt, encumbrances and liabilities.

Seller represents and warrants that Seller is herein the lawful owner of all Business, transferred hereunder, free and clear of all mortgages, liens or encumbrances of any nature whatsover, except for those disclosed to, and thereby assumed by, the Buyer, and Seller shall indemnify, defend and hold Buyer harmless against any hidden or undisclosed claims and demands.

In the event any dispute between the parties hereto should result in litigation or arbitration, the prevailing party shall be reimbursed for all reasonable costs in connection therewith, including, but not limited to, reasonable attorney's fees and defense costs. In no event shall either party be liable for incidental, consequential, indirect or special damages of any kind, including but not limited to loss of profit.

The terms of this Bill of Sale shall bind and inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and assigns.

The parties hereby agree to execute such other documents and perform such other acts as may be necessary or desirable to carry out the purposes of this Bill of Sale.

Seller: _____     Buyer: __KR__     Buyer: __YS__

Page 1 of 2

This Bill of Sale shall be signed by the Buyer and by the Seller, and shall be effective as of June 12, 2015.

**IN WITNESS WHEREOF, the parties have executed this Bill of Sale on June 12, 2015.**

By: _____ Date: 6-15-15
ROMULO AGUIAR
19 ONE SALEM STREET
SWAMPSCOTT, Massachusetts 01907


By: _____ Date: 6|15|15
KEILA MARIA RODRIGUEZ
78 HARWOOD STREET, #1
LYNN, Massachusetts 01905


By: _____ Date: 6|15|15
YURIDANIA D. SUERO
222 Essex Street, #3
Lynn, Massachusetts 01902


LAWRENCE J CESAREO
Notary Public, Commonwealth of Massachusetts
My Commission Expires Oct. 16, 2020

6/15/15

ADDENDUM TO PURCHASE AGREEMENT

RE: SUPREME CARS INC.

The Parties Herein Agree that the following debts, encumbrances and liabilities exist as to the business being sold:

FLOOR PLANS

1. AFC– Approx. $103,000.00
2. Next Gear Capital – Approx. $55,000.00
3. Auto Use – Approx. $15,000.00
4. Shamrock – Approx. $112,000.00
5. Auto Advance – Approx. $50,000.00
6. NU Gap – Approx. $31,000.00

LOANS

1. Joe Markezie - Approx. $35,000.00
2. "Leo" Joan Figuereo - Approx. $14,000.00
3. Kevin Devaney - Approx. $25,000.00
4. Shamrock - Approx. $48,000.00
5. Noe Gonzalez - Approx. $18,000.00
6. Capital Loans - Approx. $70,000.00
7. Various recurring debts with Source One Financial (Repossession Company)
8. Ramiro Queroc – Approx. $80,000

By: _____ Date: 6-15-15
ROMULO AGUIAR
19 ONE SALEM STREET
SWAMPSCOTT, Massachusetts 01907

By: _____ Date: 6/15/15
KEILA MARIA RODRIGUEZ
78 HARWOOD STREET, #1
LYNN, Massachusetts 01905

By: yuridania Suero    Date: 6/15/15

Yuridania D. Suero
222 Essex St Apt 3
Lynn MA 01902

LAWRENCE J CESAREO
Notary Public, Commonwealth of Massachusetts
My Commission Expires Oct. 16, 2020

# LIMITED POWER OF ATTORNEY

**BE IT KNOWN,** that ROMULO AGUIAR, MA License S54022365, of 19 One Salem Street, SWAMPSCOTT, Massachusetts, as Registered Agent of SUPREME CARS INC., located at 157 Ferry Street, Everett, MA, has made and appointed, and by these presently does make and appoint:

    I.    KEILA MARIA RODRIGUEZ, MA License S47538097, having its principal office of business at 78 HARWOOD STREET, #1, LYNN, Massachusetts 01905, and

    II.    YURIDANIA D. SUERO, SS# 157949560, having its principal office of business at 222 ESSEX STREET, #3,, LYNN, Massachusetts 01902,

true and lawful attorney for him and in his name, place and stead, jointly and severally, for the following specific and limited purposes only:

1. To sign on my behalf or act as proxy in terms of signing any documents related to or in the name of SUPREME CARS INC., located at 157 Ferry Street, Everett, MA, including, but not limited to:
   a. Any applications, requests, modifications and new contracts;
   b. Any disclosures, government filings and corporate documents;
   c. Any payments, opening of accounts and transfer of funds;
   d. Any settlement releases;

2. Represent me, seek legal documents from, file petitions and communicate, on behalf of SUPREME CARS INC., located at 157 Ferry Street, Everett, MA, with insurance, bank and auto service providers, government officials and agencies in the Commonwealth of Massachusetts and these United States of America;

3. Change, replace, substitute and/or modify signatories to corporate, bank and/or business licenses, registrations and contract of SUPREME CARS INC., located at 157 Ferry Street, Everett, MA;

giving and granting said attorney, full power and authority to do and perform all and every act and thing whatsoever necessary to be done in and about the specific and limited premises (set out herein) as fully, to all intents and purposes, as might or could be done if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney shall lawfully do or cause to be done by virtue hereof.

    This Power of Attorney shall extinguish automatically within the period of 12 months from its signing or at such other time defined by the filing of a written revocation by the grantor to the grantees. This Power of Attorney shall also extinguish automatically upon any abuse of good faith, improper use or [actual or attempted] violation of any laws (intended or unintended) by the grantees.

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal this 15th day of June, 2015.

Signed, sealed and delivered:
By:

_____
ROMULO AGUIAR
19 One Salem Street
SWAMPSCOTT, Massachusetts


Witnessed by:

_____
Guilherme Vieira
192 Suffolk Street, Apt 5
Lowell MA 01854

Notary Public
Danilo J. Brack
Commonwealth of Massachusetts
My Commission Expires on July 21, 2017

On this 15 day of June, 2015, before me, the undersigned notary public, personally appeared Romulo Aguiar (name of document signer), proved to me through satisfactory evidence of identification, which were Drivers License MA to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of (his) (her) knowledge and belief.

_____ (official signature and seal of notary)
My commission expires 7/21/17