UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>ROMULO A. RODRIGUES-AGUIAR,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 15-12640 (MSH) |
|---|---|

## TRUSTEE'S OBJECTION TO PROOF OF
## CLAIM OF KEILA MAURA RODRIQUEZ

John O. Desmond, Chapter 7 Trustee (the "**Trustee**") of Romulo A. Rodrigues-Aguiar (the "**Debtor**") hereby objects to the Proof of Claim of Keila Maura Rodriquez ("**Claimant**") Claim No. 6 (the "**Claim**") on grounds as follows:

(1) the Claim is in the amount of "$200,000.00 Estimate" but there is no accounting, proof of payment owing, or proof of payment made for which reimbursement is sought; nor is there a basis noted for the $200,000.00 alleged obligation;

(2) the Claim states it is based on a Business Purchase Agreement characterized on the claim as "Business – Supreme Cars, Inc. and related" (the clause abruptly ends with no further explanation);

(3) under category #10 on the Claim, Claimant checks "no" under the category of "Lease" but includes a statement as follows: "Amount necessary to cure any default as of the date of the petition"; however, there is no amount quantified or justification provided as to the nature of any default;

(4) the only document annexed to the Claim is a document titled a Business Purchase Agreement (the "Business Agreement");

(5)    there is no evidence of what is the basis that gives rise to any claim under the Business Purchase Agreement;

(6)    there is no evidence or explanation of any claim of damages for the alleged but unspecified default;

(7)    the Claim is not signed by the Claimant but rather by the creditor's attorney, however, there appears to be no basis for the attorney to assert the basis for the Claim or the "estimate" when nothing but the Business Agreement is attached and no indication or explanation of what claim or damages arises from the Business Agreement;

(8)    the default provisions in the Business Agreement provides that the Buyer or Seller (as indicated in the Business Agreement) has the right to cancel the transaction and sue for damages upon a default, yet there is no indication of what remedy is being sought by the Claimant except an unsupported claim amount of $200,000.00;

(9)    as there is neither proof of payment or evidence of any default it is difficult to comprehend any rights and remedies other than what the Trustee views as arguably either a deeply flawed, vague and incoherent Business Agreement that does not give rise to any claim, or a Business Agreement that obligates Claimant to pay all obligations of Supreme Cars, Inc. – which included most of the claims filed in this case;

(10)    to the extent Claimant advanced money and has a valid and enforceable claim, she needs to demonstrate what that claim arises from as otherwise there is no evidence of the actual consideration paid to the Debtor or if such consideration can be proven why Claimant did not receive the consideration in the Business Agreement given her purported business expertise especially since the Business Agreement specifically states the "Buyer acknowledges that it is an

experienced and knowledgeable investor in BUSINESS MANAGEMENT and is aware of the risks." Moreover, the Claimant was represented by counsel at the closing[1]; and

(11)    finally, there is no evidence to substantiate any claim against the Debtor's Estate. Rather the Business Agreement specifically states "Seller agrees to and ASSUMES ALL DEBTS AND LIABILITIES, estimated at $656,000.00." As these assumed debts have been asserted as claims against the Debtor in this case of at least the amount of the Claim, the Trustee has at the very least, the ability to set off the assumed debts (arising all from the Debtor's alleged personal guaranty of such claims) against the Claim and pursue the balance of the guaranty claims against the Claimant.

Given that mere due diligence would reveal that (1) there was no written lease and no representation in the Business Agreement that the lease referenced was in writing; (2) there was no representation that any creditor had authorized or even had notice of any assumption of their claims by the Claimant; (3) that the Claimant could not avail herself of any operating license, it is inconceivable how the Claimant could have advanced monies under these circumstances. Similarly, not to include any evidence of payment of the purchase price to the Debtor is indefensible. Moreover, the Claimant assumed hundreds of thousands of dollars in liabilities in exchange for the stock of the Business, specifically representing in the Business Agreement that she was aware of the "risks". Finally, by her alleged retention of the attorney who also represented the Debtor at the closing makes it clear that the alleged due diligence was severely reckless but that Claimant was acutely aware of the risks.

---

[1] On August 9, 2016, the Trustee sent a letter to attorney for the Debtor (who also upon information and belief based on information obtained from the Debtor's bankruptcy counsel also represented the Claimant) for turnover of documents associated with the closing. As no response has been provided to the letter, the Trustee will soon file either a Motion for turnover or Motion to Conduct a 2004 Examination.

3

Seemingly, in addition to clear grounds to pursue claims against her closing counsel for, among other things, a conflict of interest and negligence, the Claimant has a right to pursue claims against any party liable to the Business; yet upon information and belief, Claimant has not undertaken pursuit of avenues of recovery against the primary obligors of the Business or who received monies and/or cars from the Business. Instead she filed the Claim without explanation or substantiation.

WHEREFORE, the Trustee prays that the Objection be sustained and Claim No. 6 be disallowed in its entirety.

Dated: February 22, 2017

JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF ROMULO A. RODRIGUES-AGUIAR,

By his attorneys,

*/s/ Alan L. Braunstein*
Alan L. Braunstein (BBO #546042)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
Tel: (617) 880-3516
Fax: (617) 692-3516
Email: abraunstein@riemerlaw.com

2048247.1

4

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROMULO A. RODRIGUES-AGUIAR,<br><br>Debtor. | Chapter 7<br>Case No. 15-12640 (MSH) |

## AMENDED CERTIFICATE OF SERVICE

    I, Alan L. Braunstein, with the law firm of Riemer & Braunstein LLP, hereby certify that I caused to be served on February 23, 2017, true and correct copy of the **TRUSTEE'S OBJECTION TO PROOF OF CLAIM OF KEILA MAURA RODRIQUEZ** by first class United States mail, postage pre-paid, or electronic notification (EN), where indicated, upon the following interested parties on the service list:

Office of the United States Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV  (EN)

John O. Desmond
5 Edgell Road, Suite 30A
Framingham, MA 01701
trustee@jdesmond.com, jdesmond@ecf.epiqsystems.com (EN)

James Hayes, Esq.
James Hayes and Associates
82 Otis Street
Cambridge, MA 02141
james.ace@comcast.net (EN)

Romulo A Rodrigues-Aguiar
19 One Salem Street
Swampscott, MA 01907

David G. Baker
236 Huntington Avenue, Ste. 306
Boston, MA 02115
bkecf@bostonbankruptcy.org;ecf@bostonbankruptcy.org (EN)

Laura White Brandow, Esq.
Marcus Errico Emmer & Brooks, PC
45 Braintree Hill Park, Suite 107
Braintree, MA 02184
lbrandow@meeb.com (EN)

Alexander L. Cataldo
Alexander L. Cataldo, P.C.
2 Oliver Street, Suite 302
Boston, MA 02110
cataldolaw@outlook.com, cataldoalexander1@gmail.com (EN)

Jason Giguere, Esq.
Richard T. Mulligan, Esq.
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461
mabk@harmonlaw.com; jgiguere@ecf.courtdrive.com; rmulligan@ecf.courtdrive.com  (EN)

Michael Grant, Esq.
LeClair Ryan, P.C.
One International Place, 11th Floor
Boston, MA 02110
michael.grant@leclairryan.com (EN)

Bill N. Jacob, Esq.
805 Turnpike Street, Ste 201
North Andover, MA 01845
bnjlaw@hotmail.com (EN)

William L. Maher, Esq.
6 Beacon St.
Suite 515
Boston, MA 02108

James J. McNulty
40 Court Street, Suite 1150
Boston, MA 02108
jjm@jjmcnultylaw.com (EN)

Christopher S. Tolley
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
ctolley@phillips-angley.com; moe@phillips-angley.com; paper@mab.uscourts.gov (EN)

Anthony L. Gray
Pollack & Flanders, L.L.P.
20 Park Plaza, Suite 605
Boston, MA 02116
tgray@pollackandflanders.com (EN)

William V. Sopp
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
wsopp@burnslev.com (via e-mail)

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

Dated: February 23, 2017

/s/ *Alan L. Braunstein*
Alan L. Braunstein (BBO #546042)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617)523-9000
abraunstein@riemerlaw.com

2103097.1