# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>ROMULO RODRIGUES-AGUIAR<br><br>Debtor | Case No. 15-12640 (MSH)<br>Chapter 7 |

## CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT

**To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:**

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and MLBR 9019-1, John O. Desmond, Chapter 7 Trustee of Romulo Rodrigues-Aguiar (the "Trustee") moves this Court to approve the Settlement Stipulation, attached as Exhibit A, between the Trustee on the one hand and Keila Maria Rodriguez ("Rodriguez") on the other hand. The compromise proposed in the attached Settlement Stipulation resolves all claims pending among the Trustee and Rodriguez, and will end all pending litigation, including an appeal pending at the Bankruptcy Appellate Panel for the First Circuit (Docket No. 17-23, the "BAP Appeal").

As grounds for this Motion, the Trustee states as follows:

1. On July 2, 2015 Debtor Romulo Rodrigues-Aguiar (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code. Subsequently, on July 3, 2015, the Plaintiff was appointed the Chapter's successor Chapter 7 Trustee.

2. Based on his investigation, the Trustee determined that the Debtor and Rodriguez (and another individual named Yuridania Suero) entered into a Business Purchase Agreement, whereby the Debtor sold, and Rodrigues purchased, the assets and stock of Supreme Cars, Inc., which owned and operated a car dealership.

3.      The Trustee, through his investigation has determined that Rodriguez and Suero breached their obligations to the Debtor under the Asset Purchase Agreement, an assertion which Rodriguez contests. Rodriguez, for her part, has filed a proof of claim, subsequently amended in the Debtor's bankruptcy.

4.      Rodriguez's proofs of claim, both initial and as amended, were denied by the Estate which was affirmed by the Bankruptcy Court. As a result, Rodriguez has appealed the decision of the Bankruptcy Court, which forms the subject matter of the BAP Appeal.

5.      Under the terms of the attached Settlement Stipulation, the Trustee and Rodriguez agree to waive and release any claims that each was against the other, and Rodriguez assigns to the estate certain claims that she may possess. As part of the Settlement Stipulation, the BAP Appeal is to be dismissed.

6.      This settlement is subject to and conditioned upon its approval by the Court and shall be deemed null and void and of no effect if the settlement is not approved.

7.      Fed. R. Bank. P. 9019 empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interest of the Estate. When assessing a compromise or settlement, however, the Bankruptcy Court is not required to determine rule upon every disputed fact and question of law "but rather to canvass the issues and see whether settlement fall(s) below the lowest point of the range of reasonableness." <u>Hicks, Muse & Co. v. Brandt (In Re: Healthco International, Inc.)</u>, 136 F.3d 45, 51 (1st Cir. 1998), *quoting* <u>Cosoff v. Rodman (In Re: W.T. Grant Co.)</u>, 699 F. 2d 608 (2d Cir. 1983).

8.      In addition, the Bankruptcy Court is required to "assess[] and balance the value of the claim ... being compromised against the value ... of the compromised proposal." <u>Jeffrey v. Desmond</u>, 70 F.3d 183, 185 (1st Cir. 1985). In making that determination, the First Circuit has

2

identified the following factors that a Bankruptcy Court may consider in determining whether to approve a settlement:

    a. The probability of success where the claim to be litigated;

    b. The interest of the creditors and the proper defense to their reasonable views;

    c. The difficulties, if any collecting on a judgment;

    d. The experience and competence of the fiduciary proposing the settlement; and

    e. The complexity of the litigation involved, the expense, inconvenience and delay attending it. See In Re Healthco International, Inc., 136 F.3d at 50; Jeffrey, 70 F.3d at 185.

9. Following approval and implementation of the settlement, all claims between and among the Trustee and Rodriguez shall be fully and finally resolved, with Rodriguez retaining certain contingent interests in the asserted claims from recovery by the Trustee and with Rodrigues providing the Trustee with additional Assignments and documents and assigns as may required by the Trustee to effectuate the terms of the settlement; including but not limited to (1) assignment of all affirmative claims or proceeds therefrom of Supreme pursuant to Rodriguez's authority Supreme's and/or a majority president and shareholder; (2) rights on behalf of Rodriguez to make claims against Danilo Brack including for malpractice; (3) all claims that Supreme may asset for usury; and (4) claims against Source One and the so-called Supreme reserve held by Source One.

10. Approval of the Settlement Agreement is in the best interests of the Estate, in light of the appellate litigation fees and expenses to be avoided through the settlement, and the

avoidance of contest over validity of the Judgment in such an appeal, avoided through the settlement. Approval of the settlement will resolve, to the satisfaction of all parties, all claims and issues pending between the parties, thereby eliminating both ongoing and future litigation.

11. Counsel to Rodriguez has reviewed this motion and assents to it.

WHEREFORE, Trustee Desmond respectfully requests that the Court approve the settlement set forth in the Settlement Stipulation attached as Exhibit A, and for such other and further relief as this Court may deem just and appropriate.

**Respectfully submitted this 7th day of May, 2018.**

JOHN O. DESMOND
CHAPTER 7 TRUSTEE OF ROMULO
RODRIGUES-AGUIAR,

By his Attorneys,
RIEMER & BRAUNSTEIN LLP,

*/s/Mark W. Corner*
Alan L. Braunstein, BBO No. 546042
Mark W. Corner, BBO No. 550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
mcorner@riemerlaw.com

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In Re:

ROMULO A. RODRIGUES-AGUIAR,

Debtor

Case No. 15-12640(MSH)

Chapter 7

## SETTLEMENT STIPULATION

John O. Desmond, Chapter 7 Trustee of Romulo A. Rodrigues-Aguiar (the "Trustee") and Keila Maria Rodriguez ("Rodriguez") hereby enter into this Settlement Stipulation this 5th day of May, 2018.

## RECITAL

The parties to this Stipulation believe the following facts to be true and correct to the best of their knowledge, information and belief:

1. John O. Desmond is the duly appointed Chapter 7 Trustee of the bankruptcy estate of Debtor Romulo Rodrigues-Aguiar (the "Debtor").

2. Rodriguez is an individual residing in Lynn, Massachusetts.

3. The Debtor was the owner and operator of Supreme Cars, Inc. ("Supreme"), a Massachusetts corporation which owned and operated a used car business in Everett, Massachusetts.

4. On or about June 12, 2015, Rodriguez and the Debtor, and Yuridania Suero ("Suero") entered into a Business Purchase Agreement (the "Agreement") with the Debtor. The Agreement was drafted by Attorney Danilo Block, who purported to represent all parties to the transaction, without, among other things, disclosure or waivers.

KR

5. Pursuant to the terms of the Agreement, Rodriguez and Suero were to purchase, and the Debtor was to sell, the Debtor's capital stock in Supreme to Rodriguez and Suero.

6. Pursuant to the terms of the Agreement, the consideration for the purchase of the Debtor's stock in Supreme was the total payment of $781,000, consisting of $125,000 to be paid in cash to the Debtor, and with Rodriguez and Suero assuming and to make payment of the corporate debts of Supreme, in the amount of $656,000 which obligations were guaranteed by the Debtor pursuant to personal guarantees.

7. Following execution of the Agreement, Suero, together with a former key employee of Supreme, allegedly began operating the used car sale business of Supreme as "Prestige Cars, Inc.," opening two locations utilizing Supreme's assets.

8. Neither the Debtor nor the Estate received the full cash consideration required under the Agreement.

9. Rodriguez and Suero allegedly did not assume the corporate debt of Supreme that was to have been assigned to them as consideration for the purchase of the stock of Supreme, as a result of which the Debtor remained liable to guarantee the corporate debts of Supreme.

10. On or about July 2, 2015, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code.

11. Each of Supreme's corporate creditors filed Proofs of Claim against the Debtor, pursuant to his guarantee of such corporate debt. After the Trustee's review of the claims filed in the case, it appears that not a single payment from Rodriguez or Suero had or has been made to any of Supreme's creditors.

KR

12. On March 29, 2016, Rodriguez filed a Proof of Claim in the Debtor's bankruptcy, in the amount of $200,000.00. The Trustee objected to such claim on March 23, 2017, and the Court, after a hearing thereon, disallowed such claim by order dated April 5, 2017.

13. On May 22, 2017, Rodriguez attempted to file an Amended Proof of Claim in the amount of $618,228.17 and sought reconsideration of the Court's disallowance of the claim under Bankruptcy Rule 3008. By order dated June 20, 2016, the Court disallowed Rodriguez' amended claim and denied her motion for reconsideration.

14. On July 5, 2017, Rodriguez appealed the Bankruptcy Court's disallowance of her Proof of Claim, and to the Amended Proof of Claim, to the Bankruptcy Appellate Panel for the First Circuit (the "BAP"). The BAP Appeal remains pending.

15. Rodriguez and the Trustee wish to resolve all claims asserted by the Trustee against Rodriguez, including an Adversary Proceeding the Trustee is prepared to file against Rodriguez[1] for money damages and breach of the Agreement, and all claims against the Trustee in the Estate asserted by Rodriguez, including all claims pending in any Court, including the appeal.

16. Rodriguez represents, and the Trustee after investigation has determined, that Rodriguez is judgment proof as a result of, among other things, having borrowed all of the monies from friends and relatives in connection with the transaction in which she was defrauded by Suero and Suero's business partner who availed themselves of Supreme's business assets. The Trustee further believes that he would not likely collect a judgment obtained against Rodriguez if he were successful in prosecuting the claims raised in the Adversary Proceeding

---

[1] The Trustee will be filing an Adversary Proceeding against Suero seeking money damages for breach of the Agreement.

3

KR

against her. Additionally, during negotiations Rodriguez revealed substantial information regarding claims against Suero and others which may be collectible.

## AGREEMENT

NOW, THEREFORE, Rodriguez and the Trustee hereby agree as follows:

1. Upon execution of this Settlement Agreement, the Trustee shall file a motion to approve this Agreement pursuant to Fed. R. Bankr. 9019. This Settlement Agreement is expressly subject to approval of and conditioned upon approval by the Bankruptcy Court, and its terms shall be null and void and of no effect if the Bankruptcy Court does not approve this settlement.

2. Upon approval of this Agreement by the Bankruptcy Court, Rodriguez hereby releases the Trustee and the Estate from all claims that she has, had or may have had against the Estate or the Debtor, and waives and withdraws any such claims.

3. Upon approval of this Agreement by the Bankruptcy Court, Rodriguez will direct her counsel to dismiss the pending appeal at the BAP.

4. Upon approval of this Agreement by the Bankruptcy Court, Rodriguez shall be deemed to have assigned to the Trustee any and all rights that she has in Supreme's stock, including any or other claims against or rights to interests in any successor corporation and/or its assets.

5. Upon approval of this Agreement by the Bankruptcy Court, the Trustee discharges and releases Rodriguez from any claims which the Estate has, had or may have had against her, execute mutual releases, releases from all claims that were or could have been raised in connection with her alleged breach of the Agreement, known or unknown, waives and withdraws any such claims, and covenants and agrees not to file suit against her at any time in

4

KR

the future arising therefore, except in the event any statements made to or relied upon by the Trustee were knowingly false.

6. Upon approval of this Agreement by the Bankruptcy Court, Rodriguez assigns to the Trustee (a) all claims that she has, had or may have had against Suero, under the Agreement or otherwise; (b) all claims that she has, had or may have had against Danilo Brack, or alternatively the proceeds of any claim that Rodriguez may bring against Brack, at the Trustee's option. Rodriguez agrees that the Trustee may prosecute such claims, and may engage counsel to prosecute such claims in his discretion, and at his election; as well as all claims against Supreme, including transfer of assets to Suero, John M. Figuereo, Platinum Cars, Inc. or any related person or involved by Supreme or Platinum; all claims against Auto Use, Inc. or affiliate or such other act lender or dealer in connection with any claim for overpayment and/or usury; and claims relating to tracing of the funds she advanced to the Debtor under theory of or related to constructive trust, or any other applicable cause of action (collectively the "Affirmative Claims").

7. To the extent that the Trustee seeks to prosecute claims against Brack and/or Suero, or any other person based upon knowledge that Rodriguez may possess, Rodriguez will cooperate fully with the Trustee, and specifically will assist counsel in any investigation, appear and testify voluntarily at a deposition or any other proceeding, without the requirement of a subpoena.

8. Any funds recovered by the Trustee shall be first offset against any monies owed to the Estate by Rodriguez, and Rodriguez shall thereafter receive fifteen percent (15%) of the net recovery of such claims by the Trustee.

5

KR

9. In the event that the Trustee decides not to prosecute the aforementioned affirmative claims or claims related thereto or otherwise abandons them, the claims shall revert to Rodriguez.

EXECUTED as an instrument under seal this 5th day of May, 2018.

JOHN O. DESMOND, CHAPTER 7 TRUSTEE
OF ROMULO A. RODRIGUES-AGUIAR,

_____     _____
John O. Desmond                    Keila Maria Rodriguez
        5-7-18

2285391.3

6

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>ROMULO RODRIGUES-AGUIAR<br><br>Debtor | Case No. 15-12640 (MSH)<br>Chapter 7 |

### CERTIFICATE OF SERVICE

      I, Mark W. Corner, with the law firm of Riemer & Braunstein LLP, hereby certify that I caused to be served on May 7, 2018, a true and accurate copy of the **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT**, by first class United States mail, postage pre-paid, or by electronic notification (EN) where indicated, to the individuals listed below:

Office of the United States Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV  (EN)

John O. Desmond
5 Edgell Road, Suite 30A
Framingham, MA 01701
trustee@jdesmond.com, jdesmond@ecf.epiqsystems.com (EN)

James Hayes, Esq.
James Hayes and Associates
82 Otis Street
Cambridge, MA 02141
james.ace@comcast.net (EN)

Romulo A Rodrigues-Aguiar
19 One Salem Street
Swampscott, MA 01907

David G. Baker
236 Huntington Avenue, Ste. 306
Boston, MA 02115
bkecf@bostonbankruptcy.org;ecf@bostonbankruptcy.org (EN)

5

Laura White Brandow, Esq.
Marcus Errico Emmer & Brooks, PC
45 Braintree Hill Park, Suite 107
Braintree, MA 02184
lbrandow@meeb.com (EN)

Alexander L. Cataldo
Alexander L. Cataldo, P.C.
2 Oliver Street, Suite 302
Boston, MA 02110
cataldolaw@outlook.com, cataldoalexander1@gmail.com (EN)

Jason Giguere, Esq.
Richard T. Mulligan, Esq.
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461
mabk@harmonlaw.com; jgiguere@ecf.courtdrive.com; rmulligan@ecf.courtdrive.com (EN)

Michael Grant, Esq.
LeClair Ryan, P.C.
One International Place, 11th Floor
Boston, MA 02110
michael.grant@leclairryan.com (EN)

Bill N. Jacob, Esq.
805 Turnpike Street, Ste 201
North Andover, MA 01845
bnjlaw@hotmail.com (EN)

William L. Maher, Esq.
6 Beacon St.
Suite 515
Boston, MA 02108

James J. McNulty
40 Court Street, Suite 1150
Boston, MA 02108
jjm@jjmcnultylaw.com (EN)

Christopher S. Tolley
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
ctolley@phillips-angley.com; moe@phillips-angley.com; paper@mab.uscourts.gov (EN)

Anthony L. Gray
Pollack & Flanders, L.L.P.
20 Park Plaza, Suite 605
Boston, MA 02116
tgray@pollackandflanders.com (EN)

William V. Sopp
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
wsopp@burnslev.com (via e-mail)

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

/s/Mark W. Corner
Alan L. Braunstein, BBO No. 546042
Mark W. Corner, BBO No. 550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
mcorner@riemerlaw.com

2307582.2

7